323 So.2d 573 (1975)
William Andrew WHITE and Continental Insurance Company, Petitioners,
v.
Christine CLAYTON, Administratrix of the Estate of Cora Lee Baldwin, Deceased, Respondent.
No. 45578.
Supreme Court of Florida.
October 22, 1975.
Rehearing Denied January 16, 1976.
*574 C. Douglas Brown and Richard Smoak, Isler, Higby & Brown, Panama City, for petitioners.
Jackson G. Beatty, Gregory, Towles, Beatty & Hood, Quincy, for respondent.
OVERTON, Justice.
This cause is before this Court upon a petition for writ of certiorari to review an interlocutory order of the Walton County Circuit Court. In that order the trial court denied petitioners' motion to strike an allegation in the complaint claiming loss of net accumulations beyond the decedent's death and/or loss of prospective estate. In denying the motion, the trial court expressly held the new Florida Wrongful Death Act, Sections 768.16-768.27, Florida Statutes, was unconstitutional to the extent it precluded recovery of loss of net accumulations by the decedent's two sisters, ruling specifically that the application of the wrongful death statute to the factual situation of this case was a violation of the Fifth and Fourteenth Amendments to the United States Constitution and would produce an invidious discrimination.
Under Article V, Section 3(b)(3), Florida Constitution, this Court has jurisdiction to review by certiorari an interlocutory order passing on a matter that would be directly appealable to this Court upon final judgment.
We have previously upheld the constitutionality of the new Florida wrongful death act in Martin v. United Security Services, Inc., and Mobley v. American Bankers Insurance Company of Florida, 314 So.2d 765 (Fla. 1975).
The Martin and Mobley cases specifically held Sections 768.16-768.27, Florida Statutes (1973), were constitutional to the extent that they consolidated survival and wrongful death actions and substituted for a decedent's pain and suffering the survivors' pain and suffering as an element of damage. We further held that the title of the act provided sufficient constitutional notice to consolidate the survival and wrongful death actions into one action.
In the instant case we have a different constitutional contention. It is here asserted that the new wrongful death act is unconstitutional because Section 768.21 precludes two sisters of the decedent from recovering through the administratrix of the estate for "loss of net accumulations beyond death." The applicable portion of Section 768.21 reads as follows:
"(6) The decedent's personal representative may recover for the decedent's estate the following:
"(a) Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. If the decedent's survivors include *575 a surviving spouse or lineal descendants, loss of net accumulations beyond death and reduced to present value may also be recovered." [Emphasis supplied]
Recovery under this section for net accumulations is limited to "a surviving spouse or lineal descendants."
Respondent contends, and the lower court held (1) that limiting recovery for loss of net accumulations beyond death to the surviving spouse or lineal descendants was an unreasonable and arbitrary classification, and (2) that the legislature abolished a previously existing right without providing a reasonable alternative, in violation of Kluger v. White, 281 So.2d 1 (Fla. 1973). We disagree.
In considering the first issue, we must first examine the purpose of the wrongful death act. In its prior form its purpose was expressed by this Court in Garner v. Ward, 251 So.2d 252, 253 (Fla. 1971), as follows:
"... As the statutory language makes clear, the purpose of the act is to protect the family and dependents of an individual in event of wrongful death."
The intent and purpose of the present wrongful death act was set forth by its drafters, the Florida Law Revision Commission, as follows:
"... This objective is to allow a full recovery on behalf of those who were dependent on the deceased and who have sustained demonstrable losses of support and services by the wrongful death... ."[1]
It is clear that the purpose of the act is to provide recovery to those who need it, specifically the surviving spouse, children, or dependents of the decedent. We see nothing wrong with this classification. We hold that there has been no violation of the equal protection clause. Distinguishing rights of recovery for a surviving spouse and lineal descendants from those who are collateral descendants is not an unreasonable classification.
The second issue concerns the right of the legislature to modify the prior wrongful death cause of action. An action for wrongful death was not authorized at common law, and is a creation of the legislature. We recognize that there is a change in the elements of damage recoverable under the new act. In summary, individual pain and suffering for close relatives is added, while damages are eliminated for both the decedent's pain and suffering and the loss of net accumulations for beneficiaries other than the surviving spouse and lineal descendants. These changes in the elements of damage do not violate our decision in Kluger v. White, supra. The right of recovery in a wrongful death action has not been abolished; only the elements of damage have been changed. The new act, in comparison with the prior law, will increase damages in some circumstances and decrease them in others. As stated by the Florida Law Revision Commission in its recommendations and report:
"... [T]his proposal has the supreme virtue over the present law in that it assures that the recovery will go to those who really need it and not as windfalls to distant relatives... ."[2]
Changes in the elements of damage or the standards by which they are recovered under these circumstances is a legislative prerogative. For example, we recently upheld the constitutionality of the no-fault *576 insurance act which included substantial statutory changes in the manner of recovery for damages for personal injuries. Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974).
The order of the circuit court declaring Sections 768.16-768.27 unconstitutional is quashed, and this cause is remanded to the circuit court for proceedings not inconsistent with the views expressed herein.
It is so ordered.
ROBERTS and DREW (Retired), JJ., and ANDERSON and SIEGENDORF, Circuit Judges, concur.
ADKINS, C.J., dissents with an opinion.
ADKINS, Chief Justice (dissenting):
I dissent and adopt the order of Circuit Judge Clyde B. Wells as my dissenting opinion:
"This is a wrongful death action filed by the Plaintiff which seeks to recover funeral expenses and `loss of accumulations' resulting from the alleged wrongful death of Cora Lee Baldwin, age 53, who died intestate at DeFuniak Springs, Florida on August 25, 1973 as the result of being struck on that date by a car driven by the defendant White. Plaintiff's Complaint alleges that Mrs. Baldwin was survived by her two sisters who were her next of kin and heirs at law.
"Defendants have filed a Motion to Strike the portion of Plaintiff's Complaint that claims damages for loss of net accumulations contending that under the new Wrongful Death Act, F.S. 768.16-27 (Eff. July 1, 1972) that this item of damage is not recoverable by the administratrix for the benefit of the two sisters of the deceased. The only other damages sought by the Complaint are funeral expenses incurred.
"Florida has had a wrongful death statute since 1883. Prior to the effective date of the new act the Wrongful Death Act was found in Florida Statutes 768.01 thru 768.03. Under the old act and the court decisions thereunder `loss of prospective estate' was an item of damage that was recoverable by the decedent's personal representative for the benefit of the decedent's next of kin heirs who had been deprived of their inheritance expectancy due to the decedent's wrongful death. It was immaterial to the right of recovery whether the next of kin heirs were surviving spouses, minor children, grown children, or brothers and sisters of the decedent. The Florida Supreme Court in Florida East Coast Ry. Co. v. Hayes [67 Fla. 101], 64 So. 504 (Fla. 1914) stated:
"`But the administrator, as the legal representative of the decedent's estate, can sustain no loss or damage by reason of the wrongful death, except the pecuniary value of the life to the prospective estate of the decedent, which damage or loss does not include, and has no relation to, physical or other suffering of the decedent or his relatives, or to claims of any one for present or future support, or solatium. Such loss or damage to the estate is wholly monetary, and any compensation therefor, after the payment of debts, passes to the decedent's general heirs as of the end of his life expectancy, to compensate for the estate that the decedent probably would have accumulated to leave at his death to such general heirs.' (id. p. 505, emphasis added)
"Thus, under the former wrongful death act and the Florida Court decisions thereunder, in a factual situation such as presented in the instant case the decedent's two sisters would have been entitled to recover their prospective inheritance loss (loss of prospective estate) as the decedent's next of kin.
"Under the new Wrongful Death Act recovery for `loss of prospective estate' *577 is not allowed for nor is it specifically prohibited. However, a counterpart or somewhat similar item of damage entitled `loss of net accumulations' is allowed under specified conditions under Section 768.21(6)(a) of the new act which provides:
"`... If the decedent's survivors included a surviving spouse or lineal descendents, loss of net accumulations beyond death and reduced to present value may also be recovered.' (emphasis added)
"When the definition of `survivors' set forth in Section 768.18 is read in conjunction with the above-quoted portion of 768.21(6)(a), it appears that the new act purports to allow recovery for loss of `net accumulations' beyond death only if the decedent is survived by a surviving spouse or minor children. The new act does not expressly prohibit recovery by other heirs who may be a decedent's next of kin; it simply makes provision for recovery by only the two classes of favored heirs, i.e. spouse or minor children. This Court cannot find any significant rationale or constitutional basis for permitting two favored classes of heirs to recovery while denying recovery for all other next of kin heirs of a decedent.
"The item of damage that we are concerned with, `loss of net accumulations,' by its very definition in the new act is considered to be a part of a decedent's prospective estate. `Net accumulations' is defined under Section 768.18(5) as that part of the decedent's expected future income,
"`... that the decedent probably would have retained as savings and left as part of his estate if he had lived his normal life expectancy.' (emphasis added)
"Thus, it is abundantly clear by statutory definition that this item of damage under the new act (as was its similar predecessor, `loss of prospective estate,' under the old act) is a recovery or compensation purely and solely for a loss of prospective inheritance. All of a decedent's general heirs have an equal and legitimate interest in the prospective estate of their relatives provided they are the decedent's next of kin under the order of intestate succession provided for in F.S. 731.23. The injury to one's prospective right to inherit from a next of kin is identical in every respect whether the next of kin is a spouse, minor children or brothers and sisters.
"The new act in allowing recovery for loss of prospective inheritance (net accumulations) only to certain favored heirs is arbitrary and capricious in precluding other heirs of a decedent from recovery of their prospective inheritance rights which they legitimately have as the decedent's next of kin by virtue of F.S. 731.23. Insofar as the new Wrongful Death Act precludes the two sisters of Cora Lee Baldwin from recovering their `loss of net accumulations' arising out of the alleged wrongful death of their sister the statute denies them equal protections of the laws and due process of law in the present case. There is no constitutional significance in favoring spouses' and minor children's inheritance rights while disallowing the same inheritance rights for other heirs such as brothers and sisters. The court holds that the new Florida Wrongful Death Act (F.S. 768.16-768.27) to the extent that it precludes recovery of loss of net accumulations by any of a decedent's heirs who are the next of kin, is unconstitutional and in violation of the 14th Amendment to the United States Constitution and the 5th Amendment to the United States Constitution (providing for equal protection of laws and for due process of law). The leading U.S. Supreme *578 Court decisions in this regard are Levy v. Louisiana, 391 U.S. 68, 89 S.Ct. 1509 [20 L.Ed.2d 436] (1968); and Glona v. American Guaranty [Guarantee] and Liability Insurance Company, 391 U.S. 73, 88 S.Ct. 1515 [20 L.Ed.2d 441] (1968). Both these cases forbid interpretation of State Wrongful Death Statutes in such a way as to produce `invidious discrimination.'
"Defendants' Motion to Strike the portion of Plaintiff's Complaint claiming `loss of net accumulations' is therefore denied upon the foregoing reasons and authorities.
"Defendants' Motion to Strike is also denied under the authority and rationale of Kluger v. White (Fla. 1973) 281 So.2d 1. In Kluger the Florida Supreme Court aligned Florida with other jurisdictions which forbid and prohibit the legislature from simply abolishing a statutory or common law right previously existing unless the legislature affords a reasonable alternative to protect the rights of the person whose right is being abolished or unless the legislature shows an overpowering public necessity for the abolishment of such a right. Prior to the effective date of the new act the decedent's next of kin heirs, in this case her two sisters, had the right under the old act and the court decisions thereunder to recover their prospective loss of inheritance, (loss of prospective estate) in the event of their sister's wrongful death. The net effect of the new act was to eliminate Cora Baldwin's sisters' right to recover their loss of prospective inheritance. This deprivation is not permissible under the rational of Kluger v. White nor is it consistent with the mandate of the Florida Constitution, Article I, Section 21, F.S.A. which provides:
"`The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.'"
NOTES
[1] Florida Law Revision Commission, Recommendations and Report on Florida Wrongful Death Statutes, at 7-8 (December 1969); See comment about the need and purposes of the act in McKibben v. Mallory, 293 So.2d 48 (Fla. 1974).
[2] Florida Law Revision Commission, Recommendations and Report on Florida Wrongful Death Statutes, at 8 (December 1969).