327 So.2d 860 (1976)
Hooper ALEXANDER, III, As Administrator of the Estate of Margaret M. Alexander, Deceased, Petitioner,
v.
ALTERMAN TRANSPORT LINES, INC., a Florida Corporation, and Charles E. Penley, Respondents.
No. X-107.
District Court of Appeal of Florida, First District.
March 5, 1976.
Earl L. Maxwell, Jr., of Farish & Farish, West Palm Beach, for petitioner.
E. Harper Field, of Keen, O'Kelley & Spitz, Tallahassee, for respondents.
HARDING, MAJOR B., Associate Judge.
The Plaintiff below petitions for Writ of Certiorari asking the Court to review the order of the trial court dismissing with prejudice claims for relief prayed for in the second amended complaint. We recognize that the trial court and counsel did not have the benefit of the opinion in the decision of the Supreme Court, Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975). The Supreme Court decision points out a departure from the essential requirements of the law which requires the issuance of the Writ of Certiorari.
The trial judge entered an order striking from the second amended complaint a claim for the decedent's pain and suffering prior to her death as well as the plaintiff's claim for punitive damages against the corporate defendant employer leaving in effect only a claim against both defendants for medical expenses and funeral bill and against the individual defendant employee truck driver for punitive damages. The Supreme Court in the *861 aforementioned case held that the provisions of the Survival Statute, Section 46.021, Florida Statutes, were consolidated with the new Wrongful Death Act of Florida, Sections 768.16-768.27, Florida Statutes; that the claim for a decedent's pain and suffering was eliminated and that there was substituted the claim of pain and suffering for close relatives of the decedent. In view of said holding, this cause should be remanded to the trial court with leave for the plaintiff to amend the second amended complaint to make a claim for the pain and suffering of the close relatives of the decedent for and on whose behalf the suit is brought if such a claim can be made.
A claim for punitive damages is permissible under the new Wrongful Death Act of Florida, Sections 768.16-768.27, Florida Statutes, and it is well settled that a corporation can be held liable for punitive damages for the acts of its employees or agents committed while acting within the scope of the employee's or agent's employment. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214; Joab Inc. v. Thrall, Fla.App., 245 So.2d 291; and Wackenhut v. Greene, Fla. App., 238 So.2d 431.
However, in the case under consideration the allegations of the second amended complaint are not sufficient to state a cause of action for punitive damages against the corporate defendant employer. The bare allegations of gross negligence on the part of an employee in operating an employer's motor vehicle are not sufficient to sustain a claim for punitive damages on the part of an employer.
In view of the fact that this cause is being remanded to the trial court with leave to amend in other particulars, the plaintiff should likewise be given leave to amend the claim for punitive damages.
The petition for the Writ of Certiorari is granted, the writ is issued, and this cause is remanded to the trial court with leave to amend consistent with this opinion.
RAWLS, Acting C.J., and McCORD, J., concur.