335 So.2d 273 (1976)
Harry L. BASSETT, As Personal Representative of the Estate of the Late Thomas Emil Meyer, and Henri and Irene Meyer, the Parents of the Late Thomas Emil Meyer, Appellants,
v.
MERLIN, INC., a Florida Corporation, et al., Appellees.
No. 46781.
Supreme Court of Florida.
May 28, 1976.
Rehearing Denied August 10, 1976.
*274 Irving J. Whitman and Mark Pollack, of Whitman & Wolfe, Miami, for appellant.
S.O. Carson, Edward J. Atkins and George W. Chesrow of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellees.
OVERTON, Chief Justice.
This is an appeal from an order of the circuit court that initially and directly passed on the constitutionality of Section 768.21(6)(a), Florida Statutes. We have jurisdiction.[1]
Thomas Emil Meyer was killed in a two car collision on May 18, 1973. Appellant, the personal representative of his estate, filed on behalf of decedent and his parents a wrongful death action against the three appellees: the driver, the lessee, and the owner-lessor of the other car. Decedent Meyer, who at death was over 21 years of age, had no wife, no children, nor any other dependents. His parents are his only survivors under Florida's wrongful death statute. Section 768.18(1), Florida Statutes. The trial court certified questions to the Third District Court of Appeal asking whether his parents could recover net accumulations under Section 768.21(6)(a), Florida Statutes. The Third District in Bassett v. Merlin, Inc., 304 So.2d 543 (Fla. App.3rd, 1974), correctly answered the question in the negative.
Upon remand to the circuit court, the appellant asserted by motion the unconstitutionality of Section 768.21 on the grounds it denied parents of an adult child the right to damages for mental pain and suffering. The circuit court held the statute constitutional. We agree.
We previously considered and upheld the constitutionality of Section 768.21, Florida Statutes (1975), in a related factual situation in White v. Clayton, 323 So.2d 573 (Fla. 1975). See also Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975). Our prior decisions are controlling, and the order of the circuit court is affirmed.
It is so ordered.
ROBERTS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.