DOWNEY, Judge.
Two questions are presented on this appeal. We deem it appropriate to discuss only the first:
“Are parents of a deceased entitled to recover for their mental pain and anguish as a result of the death of their son where he is not a minor?”
Appellant’s adult son was killed in an automobile accident. In a complaint filed by appellant as the deceased’s administrator it was alleged that the sole survivors of the deceased were his mother and father; that the son had lived with his parents and that each parent depended upon the son for services. Among other things, the complaint sought to recover damages for the pain and suffering of the parents resulting from the loss of their son. The trial court struck the claim for pain and suffering, and that judicial act is the assigned error to which we address ourselves.
In a nutshell, appellant contends that in consolidating survival and wrongful death actions into the Florida Wrongful Death Act (Section 768.16-768.27, Florida Statutes (1975)), the Legislature intended to establish a cause of action in a decedent’s survivors for their pain and suffering to replace the old cause of action which existed under the survival statute for the pain and suffering experienced by the deceased prior to his *1052 demise. In support of that position, appellant relies on certain statements made in recent appellate decisions. For example, in Martin v. United Security Services, Inc., 314 So.2d 765 (Fla.1975), in discussing damages recoverable under the new act the Supreme Court said:
“In merging the two prior actions, the legislature transferred the items of damage for loss of earnings, medical expenses, and funeral expenses from the survival statute to the new Wrongful Death Act. The claim for pain and suffering of the decedent from the date of injury to the date of death was eliminated. Substituted therefor was a claim for pain and suffering of close relatives, the clear purpose being that any recovery should be for the living and not for the dead.
* * * * * *
“Concerning the second contention, we believe that the new right of surviving close relatives to recover for their own pain and suffering brought about by the wrongful death of a decedent is a reasonable alternative to dividing among the survivors the amount formerly recoverable under Section 46.021, Florida Statutes, for the decedent’s pain and suffering, if any.” (Emphasis supplied.)
Following Martin the Supreme Court, in White v. Clayton, 323 So.2d 573 (Fla.1976), stated:
“The second issue concerns the right of the legislature to modify the prior wrongful death cause of action. An action for wrongful death was not authorized at common law, and is a creation of the legislature. We recognize that there is a change in the elements of damage recoverable under the new act. In summary, individual pain and suffering for close relatives is added, while damages are eliminated for both the decedent’s pain and suffering and the loss of net accumulations for beneficiaries other than the surviving spouse and lineal descendants.” 323 So.2d at 575. (Emphasis supplied.)
Then, in Alexander v. Alterman Transport Lines, Inc., 327 So.2d 860 (Fla. 1st DCA 1976) the court used the Martin terminology almost verbatim as follows:
. . The Supreme Court in the aforementioned case held that the provisions of the Survival Statute, Section 46.-021, Florida Statutes, were consolidated with the new Wrongful Death Act of Florida, Sections 768.16-768.27, Florida Statutes; that the claim for a decedent’s pain and suffering was eliminated and that there was substituted the claim of pain and suffering for close relatives of the decedent.” (Emphasis supplied.) 327 So.2d at 860-861.
A fair reading of the cited cases and the Florida Wrongful Death Act leaves little doubt in our mind that the term “close relatives” initially used by Chief Justice Overton in Martin was not intended to be an accurate specification of the persons who can recover pain and suffering for wrongful death. In context “close relatives” is a collective phrase intended to describe certain survivors whom the Act authorizes to recover for pain and suffering, viz., a surviving spouse, minor children of the decedent, and each parent of a deceased minor child, 768.21(2), 768.21(3) and 768.21(4). Without question the recovery for mental pain and suffering is limited by the Act to those categories.
Bassett v. Merlin, 335 So.2d 273 (Fla.1976), resolved any uncertainty as to the meaning of the Martin case insofar as the right of the surviving parents of adult offspring to recover damages for their own mental pain and suffering is concerned. In the Bassett case the Supreme Court affirmed a circuit court ruling that Section 768.21 was constitutional even though “it denied parents of an adult child the right to damages for mental pain and suffering.” 335 So.2d at 274.
Accordingly, the answer to the question involved in the first point on appeal is in the negative, and the trial court was correct in striking appellant’s claim for damages for pain and suffering.
Appellants second point is without merit.
AFFIRMED.
CROSS and LETTS, JJ., concur.