347 So.2d 690 (1977)
S. Hiram HENDERSON, As Administrator of the Estate of Alfred F. Fletcher, Deceased, Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Appellees.
Nos. 76-2164, 76-2165.
District Court of Appeal of Florida, Fourth District.
June 10, 1977.
*691 Roy J. Morgan of Billings, Frederick, Wooten & Honeywell, Orlando, for appellant.
Edna L. Caruso of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellees.
DOWNEY, Judge.
These appeals involve a construction of the Florida Wrongful Death Act.
Alfred Fletcher and his wife were killed in an automobile accident. At the time of his death he had four adult children, none of whom were dependent upon him. The personal representative of Mr. Fletcher's estate, appellant S. Hiram Henderson, on behalf of the four children filed suit against appellee, claiming, among others, damages for loss of decedent's net accumulations as provided for in Section 768.21(6)(a), Florida Statutes (1975).
The trial court held that, since the children in question were not dependent minors, they were not persons who could recover damages under Section 768.21(6)(a), and the court granted a partial summary judgment for appellee eliminating that element of damages from appellant's claim.
Appellant contends that the use of the terms "lineal descendants" in Section 768.21(6)(a) indicates an intention not to restrict the beneficiaries of that section to minor children. He further argues that, if that section precludes all children, except minors, from recovering damages, it is unconstitutional. Appellee on the other hand supports the trial court's ruling by pointing to Section 768.18(1), Florida Statutes (1975), which defines "survivors" as used in the Florida Wrongful Death Act (Sections 768.16-768.27) as follows:
"(1) `Survivors' means the decedent's spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child's support."
Section 768.21(6)(a) in pertinent part provides:
"(6) The decedent's personal representative may recover for the decedent's estate the following:
"(a) Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. *692 If the decedent's survivors include a surviving spouse or lineal descendants, loss of net accumulations beyond death and reduced to present value may also be recovered."
The adult children of a decedent who are not dependent upon the decedent are not "survivors" under Section 768.18(1); therefore they are not "survivors" under Section 768.21(6)(a). Hence the trial court correctly ruled that the appellant could not recover "net accumulations" (as that term is defined in Section 768.18(5)) on behalf of the decedent's adult children.
Appellant's argument attacking the constitutionality of Section 768.21(6)(a) is adequately answered by the Supreme Court's holding in White v. Clayton, 323 So.2d 573 (Fla. 1971).
Accordingly, the interlocutory appeal in Case No. 76-2164 is dismissed. The judgment appealed from in the plenary appeal in Case No. 76-2165 is affirmed.
CASE NO. 76-2164 DISMISSED; CASE NO. 76-2165 AFFIRMED.
CROSS and ANSTEAD, JJ., concur.