357 So.2d 225 (1978)
John J. CAPIELLO, Allstate Insurance Company, a Corporation, and United States Fidelity and Guaranty Company, a Corporation, Appellants,
v.
Johnnie E. GOODNIGHT, As Administrator of the Estate of Geneva Goodnight, Deceased, Appellee.
Nos. 77-1504 and 77-1567.
District Court of Appeal of Florida, Second District.
March 31, 1978.
Rehearing Denied April 24, 1978.
*226 Kempton P. Logan, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants Capiello and United States Fidelity and Guaranty.
James H. McNeil, of Taylor & McNeil, Fort Myers, for appellants Capiello and Allstate.
William D. Keith, of Monaco & Cardillo, Naples, for appellee.
GRIMES, Judge.
The question posed by this appeal is whether the adult children of one who is killed by the negligence of another can recover damages under the new Florida Wrongful Death Act when they were not dependent upon the decedent.
Geneva Goodnight was killed in a one car collision. The decedent owned the car, but the appellant, John J. Capiello, was driving when the accident occurred. Appellant, United States Fidelity and Guaranty Company, insured the car and appellant, Allstate Insurance Company, insured Capiello.
The decedent was a forty-nine year old divorced woman who was survived by two adult sons and an adult daughter. None of the children were dependent on their mother for support. One of the sons, as administrator of his mother's estate, brought a wrongful death action against the appellants. The complaint included a claim on behalf of the adult children for net accumulations under Section 768.21(6)(a), Florida Statutes (1975). The appellants admitted the negligence of Capiello, and the case was tried before a jury on damages. Over the appellants' objection, the jury was permitted to consider as an element of damages the loss of net accumulations to the decedent's estate. The only other damages were medical and funeral expenses which were stipulated to be $2,141.75. The jury returned a verdict for the appellee in the amount of $50,000.
The portions of the Wrongful Death Act pertinent to the determination of this case are set forth below:
768.18 Definitions.  As used in §§ 768.16-768.27:
(1) "Survivors" means the decedent's spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child's support.
.....
(5) "Net accumulations" means the part of the decedent's expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his estate if he had lived his normal life expectancy... .
768.21 Damages.  All potential beneficiaries of a recovery for wrongful *227 death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:
.....
(6) The decedent's personal representative may recover for the decedent's estate the following:
(a) Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. If the decedent's survivors include a surviving spouse or lineal descendants, loss of net accumulations beyond death and reduced to present value may also be recovered.
The appellants contend that under Section 768.21(6)(a) the lineal descendants named in the complaint were not "survivors" as defined by Section 768.18(1). The appellee argues that the reference to survivors in 768.21(6)(a) is nonspecific and not a definitional use of the term. He suggests that since the words "minor children" were used several times throughout the Wrongful Death Act, had the legislature intended to limit the recovery of net accumulations to minor children it would have used those terms rather than the words "lineal descendants." The appellants respond by asserting that the scheme for damages under the new act is the concept of dependency rather than age. Thus, they argue that Section 768.21(6)(a) is not intended to limit the recovery of net accumulations to estates with only a surviving spouse or minor children as beneficiaries but rather is intended to cover adult lineal descendants if they were at least partially dependent upon the decedent.
In Henderson v. Insurance Company of North America, 347 So.2d 690 (Fla. 4th DCA 1977), our sister court recently answered this question adversely to the appellee's position:
The adult children of a decedent who are not dependent upon the decedent are not "survivors" under Section 768.18(1); therefore they are not "survivors" under Section 768.21(6)(a)... .
We agree. The statutes permit no other interpretation.
Section 768.18 specifies that the definitions contained therein shall be applicable throughout the Wrongful Death Act. The word "survivors" is defined therein and is used throughout the balance of the act. Thus, Section 768.20 requires the complaint to be brought for the benefit of the decedent's "survivors" and estate, and Section 768.22 envisions a verdict in separate amounts for each "survivor" and the estate. We cannot say that the legislature did not intend the word "survivors" to have the definitional meaning when it was used in Section 768.21(6)(a).[1] The precise language of the statutes leads to the inescapable conclusion that loss of net accumulations is recoverable only by a surviving spouse or lineal descendants providing these persons fall within the definition of "survivors."[2] By reference to Section 768.18(1) this would include only the surviving spouse and minor children and any other lineal descendants when partly or wholly dependent upon the decedent for support or services. In the absence of dependency, the decedent's adult children cannot recover net accumulations.
As a fall back position, the appellee contends that if the statute is construed to prohibit recovery of net accumulations by the adult, but nondependent, children, it is unconstitutional. This contention is disposed of by the rationale of White v. Clayton, 323 So.2d 573 (Fla. 1975). In upholding *228 the constitutionality of the new act against the claims of the decedent's two sisters who had been denied recovery for net accumulations, the supreme court said:
The right of recovery in a wrongful death action has not been abolished; only the elements of damage have been changed. The new act, in comparison with the prior law, will increase damages in some circumstances and decrease them in others... .
.....
Changes in the elements of damage or the standards by which they are recovered under these circumstances is a legislative prerogative... .
Accord, Henderson v. Insurance Company of North America, supra.
The judgments are hereby reversed. Because the only remaining element of damage is the stipulated sum of $2,141.75, the trial court is directed to enter a new judgment in this amount against all appellants.
BOARDMAN, C.J., and HOBSON, J., concur.
NOTES
[1] As our supreme court recently observed when discussing the legislature's specific usage of defined terms, "In the face of this selectivity, courts generally are not free to replace one term with the other in order to provide what they perceive to be a preferred connotation." Heredia v. Allstate Insurance Company, 358 So.2d 1353 (Fla. 1978).
[2] Those charged with the responsibility of preparing the Florida Standard Jury Instructions must have reached the same conclusion because instruction No. 6.4 does not provide for a recovery by the decedent's estate for net accumulations when there are no survivors.