CANADY, J.,
dissenting.
I agree with the majority that Westphal should prevail on his .-argument — with which the City and the State agree — that the district court erred in concluding that he should be “deemed to be at maximum medical improvement, regardless of any potential for improvement[,]” Westphal v. City of St. Petersburg/City of St. Petersburg Risk Management, 122 So.3d 440, 446 (Fla. 1st DCA 2013), upon the expiration of his eligibility for temporaiy total disability benefits. Majority op. at 314. As the majority explains, the district, court’s interpretation effectively rewrites the statute. I therefore would answer the certified question in the negative. But I would reject Westphal’s argument that the statutory limitation on the period of eligibility for temporary total disability benefits violates the right of access to courts provided for in article I, section 21 of the Florida Constitution.
In the foundational case of Kluger v. White, 281 So.2d 1, 4 (Fla.1973) (emphasis added), we set forth the test for determining whether an access-to-courts violation has occurred:
[Wjhere a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the [1968] Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to [section 2.01, Florida Statutes], the Legislature is without power to abolish súch a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries,- unless .the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
(Emphasis added.) The threshold question in evaluating an access-to-courts claim therefore is whether the Legislature has abolished a right of redress that was in existence when the access to courts provision was incorporated into the 1968 Constitution.
Here, the challenged statutory provision restructures an existing right of redress. It does not abolish that right. The State argues persuasively that “today’s workers’ compensation system allowed Westphal substantially greatér temporary total disability benefits than any 1968 statutory right provided” and that “[t]he amendment limiting temporary total disability benefits to 104 weeks, therefore, did not ‘abolish’ any pre-existing right.” State’s Answer Brief at 14. Westphal does not dispute the State’s assertion that the aggregate compensation paid to him for temporary total disability benefits substantially exceeded the aggregate compensation for such benefits that would have been available under the pre-1968 law, even when the pre-1968 benefits are adjusted for inflation. Instead, he contends that “[t]his case is about-weeks, not about dollars.” Petitioner’s Reply Brief at 9. But the decision to substantially increase weekly compensation for temporary total disability and to reduce the number of weeks that such'benefits are paid is a trade-off that is a matter of policy within the province of the Legislature. The Legislature — rather than this Court — has the institutional competence and authority to make such policy judgments. .* " ■
We have long recognized that the Legislature should be afforded latitude in the *332 structuring of remedies both outside the worker’s compensation context, see, e.g., White v. Clayton, 323 So.2d 573 (Fla.1975), and within the workers compensation context, see, e.g., Acton v. Fort Lauderdale Hosp., 440 So.2d 1282 (Fla.1983). We should do likewise here and reject West-phal’s access-to-courts challenge.[9]
POLSTON, J., concurs.

. I am inclined to agree with Judges Benton and Thomas that competent, substantial evidence does not support the determination by the Judge of Compensation Claims that West-phal did not establish that he would meet the requirements for permanent total disability when he reached maximum medical improvement. See Westphal v. City of St. Petersburg/City of St. Petersburg Risk Management, 122 So.3d at 450 (Benton, J., concurring in result); id. at 459-64 (Thomas, J., concurring in result only, and dissenting in part). But Westphal has not presented any argument to us on this point.