314 So.2d 765 (1975)
Beverly C. MARTIN, As Administratrix C.T.A. of the Estate of Joyce Chesworth Atchley, Deceased, Appellant,
v.
UNITED SECURITY SERVICES, INC., a Corporation, Appellee.
James MOBLEY, As Administrator of the Estate of James Kelvin Mobley, Deceased, et al., Petitioners,
v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida Corporation, et al., Respondents.
Nos. 44651 and 45702.
Supreme Court of Florida.
April 23, 1975.
Rehearings Denied July 18, 1975.
*766 Charles P. Pillans, III, Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for appellant.
Arnold R. Ginsberg, Fuller, Brumer, Moss, Cohen & Rodgers, and Horton & Perse, Miami, for petitioners.
Marion R. Shepard, Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
William E. Sadowski, Helliwell, Melrose & DeWolf, Miami, for respondents.
Robert Orseck, Podhurst, Orseck & Parks, Miami, for Academy of Florida Trial Lawyers, amicus curiae.
OVERTON, Justice.
These two cases concern the constitutionality of Florida's new Wrongful Death Act, Sections 768.16-768.27, *767 Florida Statutes (1973).[1] Specifically, we are asked to determine whether the new Act has constitutionally eliminated claims under the survival statute, Section 46.021, Florida Statutes (1973), for (1) pain and suffering of a decedent and (2) punitive damages pursuant to Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969).
In Martin v. United Security Services, Inc., the Circuit Court for Duval County specifically upheld the constitutionality of Sections 768.16-768.27, and, by granting a motion to strike, denied the plaintiff-appellant's claim for punitive damages. In Mobley v. American Bankers Insurance Company, the Circuit Court for Dade County certified the constitutionality of these statutory provisions to this Court as a question of great public interest. In both cases jurisdiction vests in this Court pursuant to Article V, Section 3(b), Florida Constitution.
We hold that Sections 768.16-768.27, Florida Statutes, are constitutional to the extent that they consolidate survival and wrongful death actions and substitute for a decedent's pain and suffering the survivors' pain and suffering as an element of damages. We further hold that punitive damages are not eliminated by the Act and may be recovered once for each death in an action under said sections if the facts justify the imposition of this penalty.

Prior Statutory Actions Involving a Death by Wrongful Act
Prior to the enactment of the statutory provisions now under attack, the statutes pertaining to negligent death cases were the subject of considerable litigation and judicial construction. E.g., Stokes v. Liberty Mutual Insurance Company, 213 So.2d 695 (Fla. 1968); Sinclair Refining Co. v. Butler, 190 So.2d 313 (Fla. 1966). Under these prior statutory provisions, two separate and independent causes of action could be brought for a negligently caused death. Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213 (1946); Epps v. Railway Express Agency, 40 So.2d 131 (Fla. 1949); Shiver v. Sessions, 80 So.2d 905 (Fla. 1955); Parker v. City of Jacksonville, 82 So.2d 131 (Fla. 1955).
First, the administrator of a decedent's estate could maintain a survival action on behalf of the deceased under Section 46.021, Florida Statutes. The elements of damage recoverable under this statutory provision were the decedent's pain and suffering,[2] medical expenses,[3] loss of earnings between the time of the accident and his death,[4] and funeral expenses.[5] Punitive damages were also recoverable under this statute.[6]
Second, a widow, a widower, a surviving child, a dependent, or an administrator could maintain a wrongful death action under the prior provisions of Chapter 768, Florida Statutes. The elements of damages recoverable under these prior wrongful death statutory provisions were: A widow's claim for loss of support, future estate, comfort, companionship, protection, and marital relations, together with the loss of services in taking care of the family[7] and loss of support for the minor children;[8] a widower's claim for loss of his wife's consortium and services;[9] a *768 child's claim for the loss of support, care, comfort, companionship, protection, education, and moral training of his parent or parents;[10] a dependent's claim for loss of support from the decedent;[11] the parents' claim for loss of services of their child and for their respective pain and suffering;[12] and the personal representative's claim by separate action for loss of future estate.[13]See generally Sections 768.01-768.03, Florida Statutes (1971); Florida Civil Practice Damages Manual, § IV (1967-1968).

New Consolidated Statutory Action for a Death by Wrongful Act
The new statutes, styled the "Florida Wrongful Death Act,"[14] are a product of the Florida Law Revision Commission[15] and were intended to merge the survival action for personal injuries and the wrongful death action into one lawsuit. Section 768.19[16] of the new Act provides for a cause of action in wording similar to that of now repealed Section 768.01. Section 768.20, which is substantially different from the predecessor statute, establishes who may bring the action and the manner in which it is brought. This provision is set forth and analyzed in a subsequent part of this opinion. Finally, Section 768.21, here set forth in full, specifies the items of damage recoverable under the new Act:
"768.21 Damages.  All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:
"(1) Each survivor may recover the value of lost support and services from the date of the decedent's injury to his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, *769 the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered.
"(2) The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury.
"(3) Minor children of the decedent may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury.
"(4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury.
"(5) Medical or funeral expenses due to the decedent's injury or death may be recovered by a survivor who has paid them.
"(6) The decedent's personal representative may recover for the decedent's estate the following:
"(a) Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. If the decedent's survivors include a surviving spouse or lineal descendants, loss of net accumulations beyond death and reduced to present value may also be recovered.
"(b) Medical or funeral expenses due to the decedent's injury or death that have become a charge against his estate or that were paid by or on behalf of decedent, excluding amounts recoverable under subsection (5).
"(c) Evidence of remarriage of the decedent's spouse is admissible.
"(7) All awards for the decedent's estate are subject to the claims of creditors who have complied with the requirements of probate law concerning claims."
In summary, the items of damage recoverable under new Section 768.21 allow each specified survivor to recover for (1) loss of past and future support and services; (2) loss of companionship and protection; and (3) his or her own mental pain and suffering from the date of the injury. The personal representative of the estate may recover for medical expenses, funeral expenses, and loss of earnings.
In merging the two prior actions, the legislature transferred the items of damage for loss of earnings, medical expenses, and funeral expenses from the survival statute to the new Wrongful Death Act. The claim for pain and suffering of the decedent from the date of injury to the date of death was eliminated. Substituted therefor was a claim for pain and suffering of close relatives, the clear purpose being that any recovery should be for the living and not for the dead.[17] It is the alleged failure of the Act to provide precise notice of this change that has caused the claim of unconstitutionality.

Constitutionality of the New Wrongful Death Act; Pain and Suffering Damages

The title of the new Wrongful Death Act, Chapter 72-35, Laws of Florida 1972, is as follows:
"An Act relating to wrongful death action; amending chapter 768, Florida Statutes, by adding sections 768.16, ... 768.20, 768.21 ...; providing for a right of action on behalf of the survivors and the estate by the personal representative of a decedent whose death is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person; repealing sections 768.01, 768.02, and 768.03, Florida Statutes; providing an effective date."
*770 It is contended that (1) the legislature was misled by lack of notice in the title that damages resulting from the decedent's pain and suffering were being abolished in the body of the Act, and (2) the legislature cannot eliminate an established right without providing a suitable alternative.
The first of these contentions turns ultimately upon our interpretation of that portion of Section 768.20 relating to the abatement of actions for personal injuries resulting in death. This is a crucial subissue which we must resolve before considering the sufficiency of the title of the Act.
Section 768.20 establishes the parties who may bring the action, provides that personal injury actions do not survive, and retains the defenses that may be asserted to bar or reduce the recovery. It provides in full as follows:
"Parties.  The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death. When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate. The wrongdoer's personal representative shall be the defendant if the wrongdoer dies before or pending the action. A defense that would bar or reduce a survivor's recovery if he were the plaintiff may be asserted against him, but shall not affect the recovery of any other survivor."
[Emphasis supplied]
The italicized sentence, which abates an "action for the personal injury," effectively provides that no separate statutory action for personal injuries resulting in death can survive the decedent's demise.[18] But it would be wrong to regard these words as a blanket abolition of survival actions for personal injuries resulting in death. From the immediately preceding sentence, it is clear that the essence of the survival action, specifically tortfeasor answerability in damages to the decedent's estate for "injury resulting in death," will remain unimpaired by the new legislation. The primary difference is the merger of the actions and the transfer of pain and suffering damage from the decedent to the survivors. The only logical construction of the italicized sentence is that it expresses the legislative intent that a separate lawsuit for death-resulting personal injuries cannot be brought as a survival action under Section 46.021. The action can be brought, in a consolidated form, under the new Wrongful Death Act. The purpose of the italicized sentence is to implement the consolidation. It, together with the preceding sentence and the rest of the Act, conveys an unmistakable legislative intent to incorporate into the new Wrongful Death Act the survival action formerly maintainable under Section 46.021, but modified to substitute a survivor's pain and suffering for a decedent's pain and suffering as an element of damages.
Whether the title of the new Act provides sufficient notice of these changes is the next issue we must resolve. There is no question that the title could have been more explicitly drawn to include a reference by section number to the survival action statute, Section 46.021, Florida Statutes, under which damages for a decedent's pain and suffering were recoverable. It is argued that the failure to state specifically in the title that Section 46.021 was amended, particularly in view of reference to the amendment of Chapter 768 and the repeal of other specifically enumerated statutes, renders the title constitutionally defective. Article III, Section 6, Florida Constitution. Upon first impression, this argument appears to have merit. See, e.g., Williams *771 v. Dormany, 99 Fla. 496, 126 So. 117 (1930); State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955). However, the trial court found in the Martin case now before this Court, and we concur, that the title does contain a general description of matters germane both to Sections 46.021, the survival act, and to Sections 768.16-768.27, the Wrongful Death Act. See Shepard v. Thames, 251 So.2d 265 (Fla. 1971); Stokes v. Galloway, 61 Fla. 437, 54 So. 799 (1911). More specifically, the following words are germane to the subject of both acts: "providing for a right of action on behalf of the survivors and the estate by the personal representative of a decedent whose death is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person." It is our opinion that this clause provides sufficient notice of the intent to consolidate survival and wrongful death claims into one action, Smith v. City of St. Petersburg, 302 So.2d 756 (Fla. 1974), and that it leads one reasonably to inquire into the body of the Act. State ex rel. Buford v. Daniel, 87 Fla. 270, 99 So. 804 (1924).
If we construed the title to be defective and allowed a separate survival action for the pain and suffering of a decedent, the result would be to permit claims both for pain and suffering of the decedent under the survival act and for pain and suffering of the appropriate survivors under the new Wrongful Death Act. This result would allow multiple actions and multiple claims for pain and suffering contrary to the clear intention of the legislature. Either the new Act is effective to consolidate the actions and transfer pain and suffering claims from the decedent to the survivors, or the new item of pain and suffering damage for the survivors cannot be allowed. The former is correct and is in accordance with our holding.
Concerning the second contention, we believe that the new right of surviving close relatives to recover for their own pain and suffering brought about by the wrongful death of a decedent is a reasonable alternative to dividing among the survivors the amount formerly recoverable under Section 46.021, Florida Statutes, for the decedent's pain and suffering, if any. The new item of damage is much more susceptible of proof, since the party claiming damage for the pain and suffering is available to testify, while the claim formerly permitted under Section 46.021 for the decedent's pain and suffering had to be based upon testimony of others.

Punitive Damages
The final issue requires us to determine whether the enactment of this new Wrongful Death Act, and specifically of the italicized sentence of Section 768.20 quoted previously, effectively repealed the authority to claim punitive damages for a negligently caused death. The public policy authority to recover punitive damages in cases involving a negligently caused death was established by this Court in 1969 in Atlas Properties, Inc. v. Didich, supra. We find no valid reason to recede from that opinion.
It is our view that the logic and reasoning of Justice Thornal are as valid under the new consolidated death act as under predecessor legislation. To paraphrase Justice Thornal, it is difficult for us to accept the proposition that the legislature intended a tortfeasor to be punished for his malicious and reckless acts when they maim another but not for those same acts when they kill the victim. This Court, speaking through Justice Thornal, said: "... [S]uch a rule of law cannot be allowed to exist." 226 So.2d at 688. Justice Thornal's opinion was based on (1) the aforementioned statement of why public policy must allow recovery of punitive damages in wrongful death situations and (2) the language of the survival statute, Section 46.021. The public policy reasons still apply with the merger of the personal injury survival action into this new death act. Cf. Wagner v. Gibbs, 80 Miss. 53, 31 *772 So. 434 (1902) (death of injured party does not terminate right to recover punitive damages from the assailant absent a statute providing otherwise); Swartz v. Rosenkrans, 78 Colo. 167, 240 P. 333 (1925) (principles governing punitive damages are fundamentally the same as if the decedent were living). See generally McClelland and Truett, Survival of Punitive Damages in Wrongful Death Cases, 8 U.San Francisco L.Rev. 585 (1974); Holthus, Punitive Damages in Wrongful Death, 40 Cleveland State L.Rev. 301 (1971).
The wisdom of the public policy reason mandating the continued recoverability of punitive damages in death cases is amply illustrated by the facts in the Martin case now before this Court. The appellant, Beverly Martin, administratrix of the estate of Joyce C. Atchley, sued appellee, United Security Services, in separate survival and wrongful death actions. In her survival action complaint under Section 46.021, appellant alleged that United Security had hired an individual named David D. Turner, whom it provided with a pistol and a security guard uniform. Turner was assigned to guard an apartment complex known as University Club Apartments. While on duty as a guard at the apartment complex on October 21, 1972, Turner entered the home of Joyce Atchley, adjacent to the apartment complex. The stated purpose was to use her telephone to call his employer and his wife. While in the home, Turner allegedly assaulted Mrs. Atchley, attempted to rape her, and shot and killed her with the pistol owned and provided him by United Security Services, Inc. The complaint further alleged that United Security had been grossly negligent in hiring Turner and entrusting him with a pistol, since he was a heavy drinker and had a history of psychiatric problems.
Clearly these allegations, if established, could have provided the basis for a punitive damage claim if Mrs. Atchley had lived. We see no reason why United Security should escape possible liability for punitive damages merely because its employee killed rather than injured her.
We recognize that this Court, in Florida East Coast Railway Co. v. McRoberts, 111 Fla. 278, 149 So. 631 (1933), held that punitive damages were not to be considered as incident to damages allowed for death under the then existing statute for wrongful death. At that time there was no survival statute, the public policy doctrine later to be enunciated by Justice Thornal was not considered, and the opinion reiterated the doctrine that a common law action for personal injuries died with an injured party. It is our opinion that the subsequent decision of this Court in Atlas Properties, Inc. v. Didich, supra, is controlling.
Recognizing the rule that punitive damages are recoverable only where actual damages are shown, McLain v. Pensacola Coach Corporation, 152 Fla. 876, 13 So.2d 221 (1943), we hold that punitive damages may be claimed when one or more of the elements of compensatory damages recoverable under Section 768.21 of the new Wrongful Death Act are established. In so holding, we emphasize that there can be only one punitive damage recovery for each death for which claims of the survivors may be instituted under the Act. See Gostkowski v. Roman Catholic Church of the Sacred Hearts of Jesus and Mary, 262 N.Y. 320, 186 N.E. 798 (1933). The survivors are not entitled to individual claims for punitive damages.
Each of the above causes is hereby remanded to the appropriate circuit court for further proceedings and trial of the respective causes not inconsistent with this opinion.
ADKINS, C.J., and ROBERTS, BOYD and McCAIN, JJ., concur.
NOTES
[1] Chapter 72-35, Laws of Florida, 1972.
[2] Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213 (1946).
[3] Id.
[4] See Ellis v. Brown, 77 So.2d 845 (Fla. 1955).
[5] Sinclair Refining Co. v. Butler, 190 So.2d 313 (Fla. 1966).
[6] Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969).
[7] Seaboard Air Line R. Co. v. Martin, 56 So.2d 509 (Fla. 1952); Dina v. Seaboard Air Line Ry. Co., 90 Fla. 558, 106 So. 416 (1925).
[8] Slaughter v. Cook, 195 So.2d 6 (Fla.App.2d 1967), cert. den., 201 So.2d 549 (Fla. 1967).
[9] Lithgow v. Hamilton, 69 So.2d 776 (Fla. 1954).
[10] Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894); Triay v. Seals, 92 Fla. 310, 109 So. 427 (1926).
[11] Duval v. Hunt, supra note 10.
[12] Williams v. Ugree, 206 So.2d 13 (Fla.App.2d 1968); Covey v. Eppes, 153 So.2d 3 (Fla. 1963).
[13] Ellis v. Brown, 77 So.2d 845 (Fla. 1955) (adults); Hooper Const. Co., Inc. v. Drake, 73 So.2d 279 (Fla. 1954) (minors).
[14] § 768.16, F.S. (1973).
[15] The Florida Law Revision Commission was created by the 1967 Legislature (§§ 13.90-13.996, F.S.). Section 13.96 provides that the functions of the council are to:

"(1) Examine the common law, constitution and statutes of the state and current judicial decisions for the purpose of discovering defects and anachronisms in the law and recommending needed reforms;
"(2) Recommend, from time to time, such changes in the law as it deems proper to modify or eliminate antiquated and inequitable rules of law, and to bring the law of the state into harmony with modern conditions;
"(3) Conduct such surveys or research of the law of Florida as the legislature may request."
The findings and recommendations of the Commission with regard to the new Wrongful Death Act were embodied in its pamphlet entitled Florida Law Revision Commission, Recommendations and Report on Florida Wrongful Death Statutes (December 1969).
[16] § 768.19, F.S.

"Right of action.  When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony."
[17] See Florida Law Revision Commission, Recommendations and Report on Florida Wrongful Death Statutes, at 41-42, Item 8 (December 1969).
[18] However, the survival statute is still applicable to preserve other actions which the decedent may have brought or was bringing prior to his death.