323 So.2d 640 (1975)
FLORIDA CLARKLIFT, INC., a Corporation, and Royal Indemnity Company, a Corporation, Appellants,
v.
Emil L. REUTIMANN, As Personal Representative of the Estate of Dale Isaac Reutimann, Deceased, Appellee.
No. 75-214.
District Court of Appeal of Florida, Second District.
December 5, 1975.
Rehearings Denied January 13, 1976.
*641 John R. Bush, Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Paul B. Johnson, Gregory, Cours, Paniello, Johnson & Hayes, Tampa, for appellee.
SCHEB, Judge.
This appeal principally addresses the question of whether, under Florida's new Wrongful Death Act,[1] a surviving parent who dies prior to final judgment can recover for mental pain and suffering resultant from a child's death. The trial court held such damages proper, but ruled that punitive damages are not recoverable. We reverse in both instances.
Simply stated, the facts are these: Dale Isaac Reutimann (Dale) was killed in an automobile accident with a vehicle operated by an employee of Florida Clarklift, Inc. (Clarklift) on September 14, 1973. Dale was 17 years of age, and resided with his only surviving parent, Agnes L. Reutimann, who died on January 10, 1974. After the demise of Dale's mother, the personal representative of Dale's estate brought suit against Clarklift and Royal Indemnity Company, its insurer, seeking compensatory and punitive damages resultant from the alleged wrongful death of Dale Isaac Reutimann. In addition to other elements of damages, the estate sought recovery for pain and suffering of the decedent's mother for the period that she lived; to wit, September 14, 1973, to January 10, 1974, following the death of her son. Further, the estate alleged that Clarklift's employee was intoxicated at the time of the accident and sought punitive damages against Clarklift. Clarklift and its insurer admitted liability, but contested damages. Prior to trial, the court ruled that punitive damages were not recoverable. At the conclusion of the trial, and over the objection of Clarklift and its insurer, the trial judge, in instructing the jury, included the following:
In determining any damages to be awarded the personal representative for the benefit of the decedent survivor's mother, Mrs. Reutimann, you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation or award. Any such award should be fair and just in the light of the evidence regarding the following elements, that is, the mental pain and suffering of Agnes L. Reutimann as a result of the death of her child during the period of time that existed in her life from the death of the child until she died.
The jury awarded $2,661.45 to the personal representative of the Estate of Dale Isaac Reutimann, plus "$35,000 to the surviving mother of deceased, Agnes L. Reutimann."
The new Florida Wrongful Death Act merged the survival action for personal injuries and the wrongful death action into one lawsuit. Fla. Stat. § 768.20 specifies who may bring the action and Fla. Stat. § 768.21 specifies the items of damage which may be recovered.
The new Act eliminates claims for pain and suffering of the decedent from the time of injury to the time of death; however, the decedent's close surviving relatives are allowed recovery for their personal pain and suffering. The philosophy of the Act is to afford recovery for this element of damage for the living rather than the dead. Martin v. United Security Services, Inc., Fla. 1975, 314 So.2d 765.[2] *642 Consistent with this stated purpose the new Wrongful Death Act in § 768.24 provides:
A survivor's death before final judgment shall limit the survivor's recovery to lost support and services to the date of his death. The personal representative shall pay the amount recoverable to the personal representative of the deceased survivor.
Dale's estate argues that a correct construction of § 768.24, when viewed in pari materia with other sections of the Act, requires the first sentence of this section to be interpreted as merely setting a limit on the recovery for lost support. In effect, this would require us to read the first sentence as "... shall limit the survivor's recovery for lost support and service to the date of his death." Clearly the Act does not say that. Nor can we agree that it was so intended, for as the Florida Law Revision Commission noted in its recommendations, "... the dead are beyond compensation for either physical or mental suffering."[3]
Dale's estate makes a forceful argument that it is illogical to construe the new Act so as to permit recovery of lost support and services in favor of a deceased child's parent up to the date of the death of the surviving parent, but yet, to deny recovery for mental pain and suffering of that parent during the same period of time. We see a logical distinction. In the instance of lost services, there has been a definite depletion of a surviving parent's economic resources for which the parent's estate has suffered and may even be indebted. But, while the pain and suffering endured by the surviving parent admittedly may be great to the parent, it is not an economic loss to that parent's estate. Certainly this result is consistent with the purposes of the new Act as envisioned by its drafters, the Florida Law Revision Commission.[4]
The trial court further ruled, prior to trial, that punitive damages are not recoverable in a wrongful death action under the new Act. This question has since been placed at rest by Martin v. United Security Services, Inc., supra, which specifically recognizes that upon proper allegations and proof of actual damages, punitive damages are recoverable under the new Act. In fairness to the trial judge, we point out that at the time of his ruling, there was a question as to whether punitive damages were eliminated by the new Act. That question, however, was resolved during the pendency of this appeal.
Clarklift contends that punitive damages are recoverable only when compensatory damages are established in favor of a survivor and that Mrs. Reutimann's entitlement to compensatory damages was never proven. Therefore, Clarklift argues the trial court's ruling with regard to punitive damages was not erroneous. We reject this argument for two reasons. First, the plaintiff did introduce evidence which would support an award for lost support and services to Mrs. Reutimann. Second, Martin does not hold that any specific compensatory damages are required as a basis for punitive damages. The award of $2,661.45, as compensatory damages to Dale's estate for medical and funeral expenses, *643 is a sufficient predicate for the jury to consider the award of punitive damages in this action.
Accordingly, we affirm the award of $2,661.45 in compensatory damages to the personal representative, but reverse as to the award of $35,000 to Agnes L. Reutimann, and remand for a new trial on the issues of (1) compensatory damages recoverable by Mrs. Reutimann, and (2) punitive damages.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] Sections 768.16-768.27, Fla. Stat., 1973, as enacted by Ch. 72-35, Laws of Florida, 1972, effective July 1, 1972.
[2] For a comprehensive discussion of the prior statutory action involving a death by wrongful act and the new consolidated action therefor, the reader is referred to Justice Overton's opinion in Martin, supra. Martin upholds the constitutionality of Fla. Stat. 768.16-27, to the extent they consolidate survival and wrongful death actions, eliminate damages for the decedent's pain and suffering, and provide for recovery of damages for the survivor's pain and suffering.
[3] See Florida Law Revision Commission, Reconsideration & Report on Florida's Wrongful Death Statute, December 1969, pp. 41-42.
[4] "This objective is to allow a full recovery on behalf of those who were dependent on the deceased and who have sustained demonstrable losses of support and services by the wrongful death." Id. at pp. 7-8.