356 So.2d 1309 (1978)
William R. SMITH and Richard C. Smith, As Co-Personal Representatives of the Estate of Olive O. Smith, Deceased, Appellants,
v.
Dorothy L. LUSK and the Hanover Insurance Company, As a National Corporation, Appellees.
No. 77-1923.
District Court of Appeal of Florida, Second District.
March 29, 1978.
William E. Lowe of Lowe, Ferrell & Huie, P.A., Bradenton, for appellants.
Douglas P. Lawless and A.C. Shields, III, of Dart, Dickinson, O'Riorden, Gibbons & Quale, P.A., Sarasota, for appellees.
*1310 RYDER, Judge.
Mrs. Olive O. Smith was allegedly injured on October 17, 1975 when her automobile was struck by a vehicle driven by Mrs. Dorothy L. Lusk. Mrs. Smith was hospitalized immediately thereafter and progressed to a point where she was discharged to a convalescent home. Approximately two weeks later, she returned to the hospital and died on December 20, 1975.
Her sons, appellants captioned above, as the personal representatives of Mrs. Smith, filed a two-count complaint against appellees Lusk and Hanover Insurance Company. Count I was an action pursuant to Section 46.021, Florida Statutes (1975), commonly referred to as "The Survival Statute", for personal injuries and pain and suffering of Mrs. Smith until her death resulting from causes allegedly unrelated to the negligence of Lusk.
In the alternative, Count II was brought pursuant to Sections 768.16-768.27, Florida Statutes (1975), "The Wrongful Death Act", which, unlike Count I, alleged that Mrs. Smith's death was caused directly by the negligence of appellee Lusk. In Count II, appellants sought damages for their mental anguish by reason of the death of their mother, medical and funeral expenses, and diminished value of the estate.
Thereafter, appellees moved to dismiss Count I on the ground that Section 46.021 was impliedly abolished by the enactment of Section 768.16, et seq. Appellants filed an objection to the motion to dismiss stating that the evidence would show that the decedent's cause of death was leukemia and not as a result of the negligence of appellees and, thus, argued that the wrongful death act had not impliedly abolished the survival statute as applied to these facts.
After a hearing, the trial court entered an order of dismissal finding that the survival statute was impliedly abolished by enactment of the wrongful death act and dismissed Count I of the complaint without leave to amend. Appellants' motion for rehearing was denied. Appellants filed this appeal in the Supreme Court which transferred it here.
Section 46.021, Florida Statutes (1975), provides in part: "Actions; surviving death of party.  No cause of action dies with the person. All causes of action survive and may be commenced ... in the name of the person prescribed by law."
Section 768.19, Florida Statutes (1975), reads in part: "When the death of a person is caused by the wrongful act, negligence ... of any person ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person ... that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, ..." (Emphasis added)
Section 768.20, Florida Statutes (1975), also provides in part: "The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death. When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." (Emphasis added)
Appellees apparently attempt to find refuge in the last sentence of Section 768.20, supra, urging that the legislature provided that when an injury causes death no action for personal injury shall survive and any such action pending at the time of death shall abate and, thus, this language impliedly abolishes Section 46.021. To bolster their argument, appellees urge upon us Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975), wherein the Supreme Court wrote: "The claim for pain and suffering of the decedent from the date of the injury to the date of the death was eliminated. Substituted therefore was the claim for pain and suffering of close relatives, the clear purpose being that any recovery should be for the living and not for the dead." 314 So.2d at 769.
*1311 We thoroughly agree with Martin but note that it is distinguishable from the case sub judice because in Martin the personal injury to the decedent resulted in his death. Also, we note that the Martin court, in its wisdom, observed in footnote 18 at page 770: "However, the survival statute is still applicable to preserve other actions which the decedent may have brought or was bringing prior to his death."
Alternative pleading is a time honored practice. Appellants' complaint classically sets up inconsistent and alternative pleadings; Count I for pain and suffering, for injuries not resulting in plaintiff's death; and in Count II, for those elements of damages allowed by the legislature where the injury resulted in one's death.
Obviously, in Martin, the Supreme Court wished to continue one's right to maintain an action for damages where death was not the result of injuries sustained. Considering the language of Martin in conjunction with the clear language of the legislature in Sections 768.16, et seq., we are led to but one unmistakable conclusion which is, the legislature did not, in fact, impliedly abolish the survival statute by enacting the wrongful death act. A finding to the contrary is error and, therefore, we reverse, order Count I of appellants' complaint reinstated and remand for proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
GRIMES, Acting C.J., and DANAHY, J., concur.