59 F.3d 165
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Joann Benton AHMED, a/k/a Joe Gresham, as personal
representative of the Estate of Jose L. Gresham,
Plaintiff-Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), a District
of Columbia Corporation; CSX Transportation,
Incorporated, a Virginia Corporation,
Defendants-Appellees.
 No. 94-2438.
 United States Court of Appeals, Fourth Circuit.
 Argued May 2, 1995.
Decided June 27, 1995.
 
 ARGUED: John Patrick Freeman, Columbia, South Carolina, for appellant. William G. Ballaine, Siff Rosen, P.C., New York, NY, for appellees. ON BRIEF: Joseph J. Slama, Kelley Gelb, Krupnick, Campbell, Malone & Rosselli, P.A., Ft. Lauderdale, FL, for appellant. David J. Mills, McNair & Sanford, P.A., Columbia, SC, for appellees.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal presents the question whether a Stipulation and Agreement entered by the parties barred appellees from asserting a res judicata bar to a survival action initiated in South Carolina district court following conclusion of a wrongful death action in Florida arising from the same set of facts. Because we think that assertion of a valid preclusion defense did not violate the terms of the Agreement, we affirm the district court's grant of summary judgment in favor of appellees.
 
 I.
 
 2
 Jose L. Gresham, a Florida resident, was a passenger aboard an Amtrak passenger train headed from Florida to New York when the train derailed in South Carolina on July 31, 1991. Gresham was seriously injured in the derailment and was taken to a local hospital, where he died almost one month later as a result of complications arising from his injuries. Appellant Joann Benton Ahmed, Gresham's oldest child and the personal representative of his estate, brought a wrongful death action in Florida state court in January 1992, seeking compensatory damages arising from Gresham's death on behalf of his seven adult children and his estate. Named as defendants were appellees National Railroad Passenger Corporation ("Amtrak") and CSX Transportation, Inc. While the Florida litigation was pending, Gresham's estate and defendants entered into a Stipulation and Agreement dated July 9, 1992, in hopes of "resolv[ing] the matter on an expedited basis." The Agreement provided, in pertinent part:
 
 
 3
 1. Defendants will not admit liability in this or any related case. They are willing to bifurcate the claims and try the issue of damages alone, if the Plaintiffs are willing to forego any claim for punitive damages in Florida or any other State.
 
 
 4
 2. Plaintiffs are willing to forego all claims for punitive damages in return for the Defendants not contesting liability.
 
 
 5
 3. Once this Stipulation and Agreement is signed by the attorneys for the various parties, it will serve as a Stipulation to govern any action brought as a result of the death of Jose L. Gresham, whether it be in Florida or elsewhere.
 
 
 6
 ...
 
 
 7
 5. Defendants reserve the right to contest all issues with respect to damages and causation.
 
 
 8
 On July 28, Ahmed brought the instant survival action against Amtrak and CSX in federal district court in South Carolina pursuant to S.C.Code Ann. Sec. 15-5-90, seeking to obtain damages for Gresham's conscious pain and suffering from the date of the accident until the date of his death as well as medical bills and funeral expenses. Defendants filed an answer but did not at that time raise res judicata as an affirmative defense. On April 15, 1993, however, defendants filed a motion to dismiss or, in the alternative, to stay the South Carolina action pending the outcome of the Florida litigation. Defendants specifically accused the plaintiff of an "improper effort" to litigate the same issues in two separate forums and insisted that any survival action claims should have been raised in the Florida court. The South Carolina district court denied the motion to dismiss but did stay the proceedings pending resolution of the Florida litigation.
 
 
 9
 In January 1994, the Florida lawsuit resulted in a final judgment awarding the Gresham estate $42,500 and each of the surviving children $400,000, for a total award of $2,842,500.* This award represented all damages recoverable under the Florida Wrongful Death Act, Fla. Stat. Sec. 768.16 et seq. The Florida Act in effect consolidates into a single lawsuit both a survival action for personal injuries and a wrongful death action so as to avoid a multiplicity of suits. Martin v. United Security Services, Inc., 314 So.2d 765, 768-70 (Fla.1975). The Act provides no recovery for damages arising from the decedent's conscious pain and suffering between the date of injury and the date of death, which are typically encompassed within a "survival" action. Instead, the Florida Act permits recovery of damages for the individual pain and suffering of surviving close relatives. Id. at 769.
 
 
 10
 The South Carolina action was set for trial commencing in September 1994. On August 5, however, the defendants moved for summary judgment based on the preclusive effect of the $2.8 million final judgment entered in Florida state court. The defendants insisted that, under applicable Florida law, the subsequent South Carolina survival action would be barred by principles of res judicata. Ahmed opposed the motion, relying on the Stipulation and Agreement, which, she insisted, waived defendants' right to contest her right to recover under the South Carolina survival statute. In essence, she claimed that defendants' assertion of a res judicata defense amounted to "contesting liability" in violation of the Agreement.
 
 
 11
 Following a hearing in early September, the district court granted defendants' motion, reasoning that Florida law would require dismissal of appellant's survival action claim and that the Agreement did not bar defendants from raising the issue of res judicata in the South Carolina proceedings. Ahmed now appeals.
 
 II.
 
 12
 Ahmed's contention that the South Carolina action was not barred by principles of res judicata is premised wholly upon the effect of the Stipulation and Agreement. In fact, Ahmed's counsel acknowledged before the district court that Florida law, which applies to determine the preclusive effect of the final judgment in the wrongful death action, would bar the subsequent survival action absent the Agreement. Counsel likewise conceded that the Agreement would not bar assertion of a res judicata defense to multiple wrongful death actions pursued outside Florida or multiple survival actions pursued in other fora. Ahmed nonetheless insists that the Agreement specifically preserves her right to pursue this survival action in South Carolina, in order to achieve a full recovery of the damages resulting from appellees' acts.
 
 
 13
 We cannot accept appellant's reading of the Agreement. It is not plain, as appellant argues, that the Stipulation and Agreement contemplated two separate actions in Florida and South Carolina courts. Rather, we think appellees' reading of the Agreement equally plausible: the references to litigation in "any other state" intended simply to ensure that plaintiff would not be able to nullify the Agreement by dismissing the Florida action and seeking relief in another forum.
 
 
 14
 In any event, we do not believe the Agreement can be read to prohibit defendants from raising a meritorious res judicata defense to Ahmed's attempt to recover damages in multiple actions in multiple fora arising from a single accident. Had the parties wished to preclude defendants from advancing a res judicata defense in the event Ahmed instituted a second action in another forum, they were free to draft an Agreement that clearly provided for this waiver. The parties did not do so, however, and we decline Ahmed's invitation to read the Florida Stipulation as if they had. The parties' intent as expressed in the unambiguous Agreement is controlling, regardless of any intention purportedly existing in their minds at the time of contracting. Stokes v. Victory Land Co., 128 So. 408, 410 (Fla.1930).
 
 
 15
 Appellees note that the Agreement expressly reserved their right to contest all issues as to damages and causation. Assertion of a meritorious res judicata defense amounts to no more than an insistence that Ahmed be precluded from collecting damages twice from the same defendants for the same accident. In fact, appellees' affirmative res judicata defense essentially admits liability, but contends that the question has already been addressed and determined in the Florida proceeding.
 
 
 16
 Absent the Agreement, it is clear that Florida law bars Ahmed's separate survival action. The preclusive effect of a state court's judgment is determined by reference to the law of the rendering state, rather than the law of the state where a subsequent action is commenced. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (federal courts must give state-court judgments same preclusive effect as would be given under law of rendering state); Mears v. Town of Oxford, Md., 762 F.2d 368, 371 (4th Cir.1985); 28 U.S.C. Sec. 1738. Nor is this result unsound. Ahmed was free to request the Florida court to apply the South Carolina survival statute in addition to, or in lieu of, the Florida Wrongful Death Act, but declined to do so. The Florida judgment binds appellant as to previously available claims, such as the South Carolina survival act claim, "regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979); see also Aliff v. Joy Mfg. Co., 914 F.2d 39, 43 (4th Cir.1990); In re Air Crash at Dallas/Fort Worth Airport, 861 F.2d 814, 816-17 (5th Cir.1988). We express no view on the Florida court's likely resolution of this choice of law question. We do note, however, that application of the Florida Wrongful Death Act by the Florida court resulted in a generous recovery for Gresham's children.
 
 III.
 
 17
 Ahmed argues in the alternative that defendants have waived their right to assert res judicata as a bar to the South Carolina action by failing to timely assert it as an affirmative defense in their answer to her survival action complaint. See Fed.R.Civ.P. 8(c). We cannot agree. Defendants' April 1993 motion to dismiss or stay the South Carolina action pending resolution of the Florida litigation provided Ahmed with ample notice that defendants intended to contest the South Carolina litigation as duplicative. Specifically, defendants referred to the South Carolina action as an "improper effort to litigate these issues twice" and insisted that the survival action claim "could have, and should have been brought along with the wrongful death action in Florida." Ahmed thus cannot establish the prejudice necessary to preclude defendants from raising this issue following a modest delay. See, e.g., Defender Indus., Inc. v. Northwestern Mutual Life Ins. Co., 938 F.2d 502, 508 (4th Cir.1991) (mere delay, when unaccompanied by actual prejudice, bad faith, or futility, does not justify denial of leave to amend answer to assert affirmative defense), cert. denied, 113 S.Ct. 3038 (1993). Moreover, as defendants note, there was no basis for asserting res judicata prior to entry of the Florida final judgment in January 1994. Strictly speaking, then, defendants could not have raised this issue in their answer, which was filed in August 1992.
 
 IV.
 
 18
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 Defendants appealed the final judgment to Florida's intermediate appellate court, but under Florida law, the judgment is res judicata notwithstanding the pending appeal. See Reese v. Damato, 33 So. 462, 464 (Fla.1902). At oral argument, counsel for appellees informed the court that the Florida intermediate court of appeals had affirmed the judgment. Appellees have sought rehearing in that court