942 So.2d 417 (2006)
Dominick J. SALFI, as Personal Representative of the Estate of Madeline Salfi, deceased, Appellant,
v.
COLUMBIA/JFK MEDICAL CENTER LIMITED PARTNERSHIP d/b/a JFK Medical Center, David Weissberger, M.D. and Medical Specialists of the Palm Beaches, Inc., Appellees.
Nos. 4D05-864, 4D05-1230.
District Court of Appeal of Florida, Fourth District.
October 11, 2006.
Rehearing Denied December 13, 2006.
*418 Dominick J. Salfi of the Law Offices of Dominick J. Salfi, Altamonte Springs, pro se.
Bruce M. Ramsey of Billing, Cochran, Health, Lyles, Mauro & Anderson, P.A., West Palm Beach, for appellee Columbia/JFK Medical Center Limited Partnership d/b/a JFK Medical Center.
Marlene S. Reiss of Stephens, Lynn, Klein, La Cava, Hoffman & Puya, P.A., Miami, for appellees David Weissberger, M.D. and Medical Specialists of the Palm Beaches, Inc.
STEVENSON, C.J.
Madeline Salfi died at JFK Medical Center on June 25, 2001. Following her *419 death, her son, Dominick Salfi, acting as her personal representative, brought seven causes of action against JFK Medical Center, Dr. David Weissberger, and Medical Specialists of the Palm Beaches, Inc. The trial court granted the hospital's motion to dismiss and the motion for summary judgment filed by Weissberger and Medical Specialists of the Palm Beaches. We affirm in part and reverse in part.
Counts one through three of the complaint were against the hospital. Count one, a wrongful death action, asserted the hospital failed to provide adequate supervision and sought damages for the mental pain and suffering of the deceased's children, all of whom were over the age of twenty-five when she died. Count two, a survival action, contended the hospital's negligence did not cause the deceased's death, but forced her to endure physical and mental pain and suffering and the loss of enjoyment of life. Count three, a survival action, asserted the hospital's negligence caused the deceased's death and sought damages for her physical and mental pain and suffering and loss of enjoyment of life. Counts four through six were against Dr. Weissberger and Medical Specialists of the Palm Beaches, who are collectively referred to as "Dr. Weissberger." Count four, a wrongful death action, contended Dr. Weissberger's negligence caused the deceased's death and sought damages for the mental pain and suffering of the deceased's children. Count five, a survival action, asserted Dr. Weissberger's negligence did not cause the deceased's death, but forced her to endure physical and mental pain and suffering and the loss of enjoyment of life. Count six, a survival action, contended Dr. Weissberger's negligence caused the deceased's death and sought damages for her physical and mental pain and suffering and loss of enjoyment of life. Count seven argued the hospital breached its duty to protect the deceased's medical records in that some of the records were either lost or destroyed.
We first address whether the trial court erred in dismissing the counts against the hospital. In dismissing count one, the trial court reasoned that the deceased's adult children were prevented from bringing a cause of action under the Wrongful Death Act for the hospital's medical malpractice because section 768.21(8), Florida Statutes (2005), prevents children over the age of twenty-five from recovering damages for medical malpractice that results in a parent's death. We affirm this ruling based on Mizrahi v. North Miami Medical Center, Ltd., 761 So.2d 1040 (Fla.2000), which held that section 768.21(8) does not violate the Equal Protection Clause by precluding recovery by a decedent's adult children where the cause of death was medical malpractice. We also affirm the trial court's dismissal of count seven because Salfi has failed to adequately challenge the dismissal on appeal.
We find that Salfi did not waive the right to litigate count two and we therefore accept JFK Medical Center's concession of error. We also agree with Salfi that the trial court erred by venturing beyond the complaint's four corners when dismissing count three, the survival action asserting the hospital's negligence caused the deceased's death. As we stated in Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022, 1024 (Fla. 4th DCA 1996), "[t]he trial court must look only to the four corners of the complaint and the allegations contained therein should be taken as true without regard to the pleader's ability to prove the same." Despite this error, we are compelled to affirm the trial court's dismissal of count three as the right result albeit for the wrong reason. See generally *420 Robertson v. State, 829 So.2d 901, 906 (Fla. 2002) (stating the "longstanding principle of appellate law, sometimes referred to as the `tipsy coachman' doctrine, allows an appellate court to affirm a trial court that `reaches the right result, but for the wrong reasons' so long as `there is any basis which would support the judgment in the record'") (quoting Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999)).
Section 46.021, Florida Statutes, provides that "[n]o cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." However, section 768.20 states that "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." As reasoned by the Second District in Niemi v. Brown & Williamson Tobacco Corp., 862 So.2d 31, 33 (Fla. 2d DCA 2003), "when death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action that would otherwise survive under section 46.021." The Supreme Court of Florida upheld the constitutionality of section 768.20 in Martin v. United Security Services, Inc., 314 So.2d 765, 769 (Fla.1975), because the Wrongful Death Act substitutes the right of close relatives to recover for the pain and suffering caused by their loved one's wrongful death. While we recognize that reading Martin in conjunction with Mizrahi prevents the deceased's children and personal representative from successfully litigating either a wrongful death lawsuit or a survival action that contends the alleged malpractice caused the deceased's death, we are bound to follow these decisions. See Hoffman v. Jones, 280 So.2d 431, 434 (Fla.1973) (observing that district courts of appeal are "bound to follow the case law set forth by this Court").
We next address whether the trial court erred in granting summary judgment in favor of Dr. Weissberger. We affirm the summary judgment on count four for the same reason we affirmed the dismissal of count oneunder Florida law adult children over the age of twenty-five do not have a right to recover damages for medical malpractice that results in a parent's death. Regarding count five, the trial court incorrectly granted summary judgment on the basis that "any survival action has been extinguished by the Wrongful Death Act." The Second District in Niemi held that "a personal injury action only `abates' if it is first determined that the personal injury resulted in the plaintiff's death." 862 So.2d at 33. Given that count five asserted that Dr. Weissberger did not cause the deceased's death and Salfi did not waive the right to litigate the issue, the trial court erred in granting summary judgment. Finally, we affirm the summary judgment on count six based on Martin and Mizrahi.
Accordingly, we reverse the dismissal of count two and the summary judgment on count five. On all other counts, we affirm.
Affirmed in part and Reversed in part.
SHAHOOD and MAY, JJ., concur.