BLACK, Judge,
Dissenting
I agree with the Third District’s decision in Capone and would affirm. The Third District correctly determined that a
complaint for personal injury could not be amended, on [the plaintiffs] death, to include a new wrongful death claim because Florida law establishes that a personal injury claim is extinguished upon the death of the plaintiff, and any surviving claim must be brought as a new and separate wrongful death action — it cannot be brought as an amendment to a personal injury action.
Capone, 56 So.3d at 36; see also Martin v. United Sec. Servs., Inc., 314 So.2d 765, 770 (Fla.1975); Salfi v. Columbia/JKF Med. Ctr. Ltd. P’ship, 942 So.2d 417, 420 (Fla. 4th DCA 2006); ACandS, Inc. v. Redd, 703 So.2d 492, 493 (Fla. 3d DCA 1997); Taylor v. Orlando Clinic, 555 So.2d 876, 879 (Fla. 5th DCA 1989).
Section 768.20 provides, “[W]hen a personal injury to the decedent results in death, no action for the personal injury shall sunive, and any such action pending at the time of death shall abate.” (Emphasis added.) Focusing on the latter portion of the sentence, the majority interprets “abate” to mean stay rather than extinguish and concludes that because the personal injury claim is not extinguished by the death of the claimant, the court may order substitution of the parties under Florida Rule of Civil Procedure 1.260(a)(1). This interpretation, however, discounts the plain language of both section 768.20 and rule 1.260(a)(1).
First, with regard to section 768.20, the majority’s interpretation fails to consider the plain language of the first clause that “no action for the personal injury shall survive.” Likewise, it fails to address that the two clauses of the statute are joined by the conjunction “and,” which clearly connects the term “abate” with “no action ... shall survive.” Thus, abate must be synonymous with extinguish. The statutory language is clear and unambiguous— where the personal injury that is the basis of the personal injury action results in death, that action does not survive. See Martin, 314 So.2d at 770 (finding that no action for personal injury resulting in death can survive decedent’s demise); Taylor, 555 So.2d at 878 (stating that death extinguishes the personal injury cause of action).
Second, rule 1.260(a)(1) provides that “[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.” Under the rule, only when the original claim is not extinguished may the court order substitution. Reading these provisions together, as we must, I cannot agree with the majority. To hold that the personal injury action is only stayed — meaning temporarily delayed or postponed — contemplates that the personal injury action is still viable in some form after the death of the claimant and, in turn, would permit the court to substitute parties. This is contrary to the plain language of section 768.20 and rule 1.260.
The majority also contends that this court’s decision in Niemi supports its conclusion that a personal representative can be substituted for the deceased plaintiff and the personal injury pleadings can be amended to include an alternative claim for wrongful death. However, in Niemi, it was unclear from the record whether the plaintiffs death resulted from the personal injury or whether it resulted from a separate, independent cause. 862 So.2d at 33. *961 Where it is uncertain whether the personal injury resulted in death, the law permits a plaintiff to allege alternate theories. Id.; see also Smith v. Lusk, 356 So.2d 1309 (Fla. 2d DCA 1978). And under such circumstances, the personal injury action would not terminate. In contrast, it is undisputed in this case that Butler died from the personal injury she claimed in the underlying lawsuit — injury she sustained from smoking cigarettes. It is also undisputed that no loss of consortium or other derivative claim existed at Butler’s death that would permit the continuation of the personal injury suit. Although the majority notes that this court purposely refrained from defining “abate” for the purpose of section 768.20 in Niemi, we nevertheless stated that abatement is a common law term often used to signify that an action has been extinguished or ended. 862 So.2d at 33. Accordingly, Niemi does not support the majority’s conclusion — both because Niemi is factually distinct and because we determined in Niemi that a personal injury action abates when it is clear that the plaintiff died from the personal injury claimed in the lawsuit, as is the case here.
Finally, I understand the dilemma presented by requiring the filing of a new wrongful death lawsuit in Engle progeny cases. A plaintiff who is a former member of the Engle class must file his lawsuit within one year of the supreme court’s mandate issued on January 1, 2007, to avail himself of the favorable Engle findings. The filing of a new wrongful death suit will result in a filing date beyond the supreme court’s window, despite the fact that the original personal injury claim was timely filed. Indeed, in Skyrme, this court stated in dicta that it would be inequitable to bar a new wrongful death lawsuit as untimely under Engle when the original personal injury action was timely filed. 75 So.3d at 73. However, the defendants in this case agreed that they would not seek to bar the personal representative’s wrongful death lawsuit on grounds that it was untimely filed under Engle.[1] Therefore, under the facts of this case, the trial court did not err by requiring the personal representative to file a separate wrongful death suit. Whether the outcome should be different where defendants do not make similar stipulations is for another court to decide when those facts are before it.

. Rule 4-3.3(a)(l) of the Rules Regulating the Florida Bar prohibits counsel from making a false statement of fact to the court. Accordingly, I accept appellees' assertion in this case that they would not seek to bar a wrongful death suit as untimely under Engle as a true statement.