444 So.2d 953 (1984)
Frederick BEISEL and Elizabeth Beisel, His Wife, Petitioners,
v.
G. William LAZENBY, Respondent.
No. 63216.
Supreme Court of Florida.
January 19, 1984.
Sam Daniels of Daniels & Hicks, and Anderson & Moss, Miami, for petitioners.
Thomas Saieva of Woodworth, Carlson, Meissner & Webb, St. Petersburg, for respondent.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for Dade County Trial Lawyers Ass'n, amicus curiae.
Joseph S. Kashi of Conrad, Scherer & James, Fort Lauderdale, for the Florida Defense Lawyers Ass'n, amicus curiae.
McDONALD, Justice.
This case is before us to review a district court decision, Lazenby v. Beisel, 425 So.2d 84 (Fla. 2nd DCA 1982), which held the defendant in a medical malpractice action entitled to a directed verdict where the plaintiffs failed to prove the negligence more likely than not caused the damages claimed. The district court certified this decision to us as being in direct conflict with the decisions in Hernandez v. Clinica Pasteur, Inc., 293 So.2d 747 (Fla. 3d DCA 1974), and Dawson v. Weems, 352 So.2d 1200 (Fla. 4th DCA 1977). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution and approve the decision under review.
In Gooding v. University Hospital Building, Inc., 445 So.2d 1015 (Fla. 1984), we examined Hernandez and Dawson and disapproved them insofar as they tend to relax the probable or more than likely requirement of causation in medical malpractice actions. While some jurisdictions allow recovery for the loss of any chance for improvement, we believe anything less than the more likely than not causation requirement in medical malpractice actions to be improper. It would impose a much heavier burden on health care providers than that imposed on all other professionals accused of malpractice. See Gooding.
In the case under review the Beisels' expert witness could not state that any of the treatments he recommended but which were not given by the defendant probably or more likely than not would have saved Mr. Beisel's eye. To prevail he needed to do so and thus the district court correctly held the evidence supporting Beisel's claim was insufficient to create a jury question on causation. Accordingly, we approve the decision of the district court.
It is so ordered.
*954 ALDERMAN, C.J., and BOYD, OVERTON and SHAW, JJ., concur.
ADKINS, J., dissents.