GLICKSTEIN, Judge.
Appellants contend the trial court erred in refusing to give the following instruction in a medical malpractice case:
If you find that but for the negligent care and treatment of GEORGE MAY that RICARDO FUNDAMENT would have had a better chance to achieve a fuller recovery from his injuries, then GEORGE MAY’S negligence is a legal cause of RICARDO FUNDAMENT’S injuries. Dawson v. Weems, 352 So.2d 1200 (4 DCA 77)[;] Hernandez v. Clinica Pasteur, Inc., 293 So.2d 747 (3 DCA 74).
Subsequent to oral argument in the present appeal the Florida supreme court said with respect to the two cases upon which appellants based their request:
Neither Hernandez nor Dawson contains any reasoning or authority to support a rule relaxing the more likely than not standard of causation in medical malpractice actions although they do hold that a plaintiff may go to the jury on proximate cause merely by showing that the defendant decreased the chances for survival, no matter how small. Those *711 cases are antithetical to our concept of proximate cause and are disapproved.
Gooding v. University Hospital Building, Inc., 445 So.2d 1015, - (Fla.1984). In Gooding, the supreme court also expressly disapproved the following addition to the standard jury charges on legal cause:
Negligence is a legal cause of death and damages if it directly and in natural and continuous sequence produces or contributes substantially to producing such death, so that it can reasonably be said that, but for the negligence, the death would not have occurred. If you find that Hagood Gooding had a significant chance of survival and if you find that negligence on the part of the defendant, its agents or servants, destroyed Mr. Gooding’s chances for survival, then the negligence of that defendant or defendants — that defendant is a legal cause of injury. (Emphasis added.)
Id. at-N. 1. Because of the foregoing conclusions reached by this state’s highest court, it seems incumbent upon us to affirm; and we do so. See also Beisel v. Lazenby, 444 So.2d 953 (Fla.1984).
WALDEN, J., and GOLDMAN, MURRAY, Associate Judge, concur.