471 So.2d 626 (1985)
George H. WILLIAMS, As Personal Representative of the Estate of Barbara J. Williams, Deceased, and George H. Williams, Individually, Appellant,
v.
BAY HOSPITAL, INC., D/B/a Gulf Coast Community Hospital, Appellee.
No. AY-409.
District Court of Appeal of Florida, First District.
June 25, 1985.
*627 Richard C. Trollope of Syfrett & Trollope, Panama City, for appellant.
Richard Smoak of Sale, Brown & Smoak, Panama City, for appellee.
*628 SMITH, Judge.
Appellant seeks reversal of a final summary judgment dismissing his complaint for damages incurred by his deceased wife as a result of alleged negligence on the part of appellee/hospital. We find that the trial court improperly applied case law interpreting Florida's Wrongful Death Act in ruling that appellant could not maintain the present cause of action. We therefore reverse.
The deceased, Barbara Williams, upon being employed by appellee/hospital in 1979, received a chest x-ray examination which proved unremarkable. However, her annual chest x-ray performed by the hospital in August 1980 revealed an irregular area of increased density to the rib area and other indications of abnormality that were not present on the earlier 1979 examination. The radiologist's report containing the results of the x-ray recommended further investigation and testing to confirm these findings. It is alleged, however, that the results of the 1980 x-ray examination were never reported to Mrs. Williams nor was any follow-up action ever taken by appellee or its employees as recommended by the radiologist's report.
In April of 1981, Mrs. Williams discovered a lump on the right side of her neck. She was admitted to Tyndall Air Force Base Hospital on the following day, and was subsequently transferred to Keesler Air Force Base Hospital, where a diagnosis of squamous cell carcinoma of the right lung was made. The present litigation was commenced by a complaint filed by Mr. and Mrs. Williams in which they sought damages for injuries suffered by Mrs. Williams, and damages for lost services, companionship, and mental anguish suffered by appellant, Mr. Williams. Unfortunately, Mrs. Williams died of lung cancer a few months later, in December 1981.
After obtaining evidence by way of medical depositions, appellee filed a motion for summary judgment based upon its contention that there was no genuine issue of material fact, and that appellee was entitled to a summary judgment as a matter of law based upon the holding of the Florida Supreme Court in Gooding v. University Hospital Building, Inc., 445 So.2d 1015 (Fla. 1984). Appellee also relied upon the depositions of Drs. McDonald and Clarkson, who testified that based upon the size of the tumor when it was discovered in April of 1981, as well as its projected growth rate, the cancerous mass which ultimately produced Mrs. Williams' death was probably already past the stage where a cure would be possible in August 1980, the date of the misplaced or undisclosed x-ray. Thus, according to Dr. McDonald, even had a proper diagnosis been made in August 1980, nothing could have been done to prevent Mrs. Williams' ultimate death from lung cancer. Dr. Clarkson essentially echoed Dr. McDonald's testimony, adding that had disclosure been made and treatment started, the only available treatment would have been radiation therapy, which would not cure the cancer, but only offer palliative relief. Appellant filed the affidavit of Dr. Oblon, who indicated that whether or not Mrs. Williams was a candidate for surgery with curative intent, or could have been cured, was a matter for conjecture. He concluded, however, that "the odds are that her ultimate outcome was not affected." He further opined that although "the ultimate outcome is speculation," immediate treatment by means other than surgery commencing promptly at the time of the August 1980 x-ray, "would within reasonable medical probability, have extended her life several months." The trial court granted appellee's motion for final summary judgment, citing Gooding, supra, and Beisel v. Lazenby, 444 So.2d 953 (Fla. 1984).
At the outset, appellant concedes that following Mrs. Williams' death, and the substitution of her husband as personal representative, discovery proceeded in this cause in anticipation of the filing of an amended complaint seeking damages for wrongful death. Appellant also concedes that the Supreme Court's ruling in Gooding, supra, precludes maintenance of a wrongful death action based upon Mrs. Williams' "chance to survive." Appellant *629 insists, however, that the substitution of Mr. Williams, in his capacity as personal representative, as plaintiff in the action merely converted the case into a survival action, although no effort has been made to amend the complaint by adding a reference to Section 46.021, Florida Statutes (1983), the survival of actions statute. We agree that the absence of a specific reference in the complaint to reliance on Section 46.021, Florida Statutes, is not fatal, since appellant is entitled to amend as necessary to clarify the basis for the action. Heinlein v. Metropolitan Dade County, 216 So.2d 473 (Fla. 3d DCA 1968); Smith v. Reeder, 371 So.2d 718 (Fla. 3d DCA 1979).
Appellee, on the other hand, insists that appellant's complaint is essentially an action for wrongful death, since the complaint seeks damages for the loss of a "chance to survive," or live longer, which are allegations of "death-resulting personal injuries," which no longer may be brought under the survival statute.
Our review persuades us that at the heart of this controversy is appellee's contention that the 1972 Wrongful Death Act (now Sections 768.16-768.27, Florida Statutes (1983)), by eliminating claims for pain and suffering of a person injured by an act of medical malpractice where death results from such injuries, also eliminated claims for pain and suffering of the injured person (as well as other provable damages) where death did not result from the medical malpractice. We cannot agree with this interpretation. At the risk of oversimplifying what is perhaps a more complex problem, we are inclined to think it is fundamental that the wrongful death statute is not applicable except in wrongful death actions, i.e., where it is claimed that the death of a person was "caused by the wrongful act, negligence, [or] default ..." of another. § 768.19, Florida Statutes (1983). The constitutionality of the wrongful death statute eliminating claims for pain and suffering of the decedent was upheld, in Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975), because the act provided a suitable alternative to recovery of damages for such claims by substituting therefor the right of close relatives to recover for their own pain and suffering occasioned by loss of a loved one, "the clear purpose being that any recovery should be for the living and not for the dead." Id. at 769. However, no provision was made in the Wrongful Death Act or by other enactment for elimination of claims for pain and suffering, or other damages, where it is not alleged that death resulted from the claimed negligence. As stated in Martin, supra, the intent of the amended Wrongful Death Act is that "a separate lawsuit for death-resulting personal injuries cannot be brought as a survival action under Section 46.021." Id. at 770. This, in our opinion, does not preclude a survival action for "non-death-resulting injuries."
Under appellee's view, the result would be that medical providers or others would be free to negligently injure patients with impunity, so long as death did not result from the injuries. Again, Martin instructs us that "the survival statute is still applicable to preserve other actions which the decedent may have brought or was bringing prior to his death." Id. at 770, footnote 18. See, also, Smith v. Lusk, 356 So.2d 1309 (Fla. 2d DCA 1978); Metropolitan Life Insurance Company v. McCarson, 429 So.2d 1287, 1291 (Fla. 4th DCA 1983). Appellee's sole reliance on the Gooding case below, and the trial court's citation of Gooding and Beisel, supra, in the summary final judgment, evidences a misapprehension, we believe, as to the nature of the cause of action before the trial court. The Gooding case dealt with an action for wrongful death. Accordingly, the court held in order for the plaintiff to recover it was necessary to prove that the death of the decedent "more likely than not" resulted from the defendant's negligence. It seems fairly obvious, however, that where (as here) the cause of action is not based on an allegation that the injury caused death, proof that the injury "more likely than not" caused death cannot be required. Rather, applying the "more likely than not" standard, recovery here would *630 require proof that appellee's negligence "probably caused," Gooding, 445 So.2d at 1018, the injuries for which damages are sought, and which are recoverable in a survivor's action. That the "more likely than not" standard applies as indicated in ordinary medical malpractice actions, where death has not occurred, is clear from the decision in Beisel, supra.
Since appellant here admittedly cannot prove that had Mrs. Williams' malignancy been reported to her, and treatment commenced in August 1980, "more likely than not" she would have survived, a wrongful death action for medical malpractice cannot be maintained. The present action, however, which was commenced by Mrs. Williams and continued by her husband following her death, is a survivor's action, not wrongful death, and appellee has not demonstrated that appellant will be unable to prove damages, including those for Mrs. Williams' pain and suffering, which more likely than not resulted from the negligence complained of.
Finally, we agree with appellee's strenuous assertions that the medical evidence relied upon below establishes that its alleged negligence did not "more likely than not" ultimately cause Mrs. Williams' death. Appellant freely concedes this fact, so that an action for wrongful death cannot be maintained. Nevertheless, appellant is entitled to maintain this cause for recovery of such damages as are recoverable in a survivor's action. See, Martin, supra, at 767. Whether appellant will be able to prove that "more likely than not" appellee's negligence resulted in pain and suffering on the part of Mrs. Williams while she lived, and the damages recoverable for this or other aspects of the claim, are matters yet to be addressed in the trial of this cause.
Finally, we agree with appellant's assertion that the remedy for avoidance of claims for impermissible elements of damage, e.g., the "loss of a chance to survive," Gooding, supra, at 1018, is a motion to strike such damage claim or objection at trial, not dismissal of the complaint.
REVERSED and REMANDED for further proceedings.
MILLS and THOMPSON, JJ., concur.