488 So.2d 630 (1986)
Lynn M. TAPPAN, As Personal Representative of the Estate of Robert E. Tappan, Deceased, Appellant,
v.
FLORIDA MEDICAL CENTER, INC., Etc., et al., Appellees.
Nos. 85-364, 85-952.
District Court of Appeal of Florida, Fourth District.
May 14, 1986.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., and Angelo Marino, Jr., P.A., Fort Lauderdale, for appellant.
Victor H. Womack of Womack, Lombana & Bass, P.A., Miami, for appellee Dr. Clifton D. Okman.
Steven R. Berger of Steven R. Berger, P.A., Miami, and Clifford B. Selwood, Jr., Fort Lauderdale, for appellees James W. Johnson, D.C., and Resa L. Falk, D.C., d/b/a Cooper City Chiropractic Clinic.
RIVKIND, LEONARD, Associate Judge.
Robert Tappan died of lung cancer. Appellant, Lynn M. Tappan, his wife and personal representative, brought a wrongful death action against appellee, Clifton D. Okman, a chiropractor, alleging medical malpractice because of Okman's failure to diagnose the cancer during the period of time he was treating Tappan for "back and other pain." Appellant sought damages consistent with the Florida Wrongful Death Act, Sections 768.18-768.27, Florida Statutes (1983). Okman filed a motion for summary judgment. At the summary judgment hearing, Mrs. Tappan presented affidavits by two medical doctors who stated that, had decedent received treatment for cancer at the time he was treated by Okman, he would have lived six or eight months longer. The trial court granted Okman's motion for summary judgment concluding that, since Okman did not cause the death of Robert Tappan, there were no *631 recoverable damages. Subsequent to the entry of a final summary judgment the claim against Okman's employer, Cooper City Chiropractic Clinic, based upon vicarious liability, was dismissed with prejudice. These final orders are before us in these consolidated appeals.
This is not a "chance of survival" case. Appellant concedes that death was caused by the lung cancer which was incurable. Appellant contends the survivors are entitled to damages for the shortened life expectancy under the Wrongful Death Act. Appellee asserts that, if a cause of action exists at all, it is under the survival statute, Section 46.021, Florida Statutes (1983), not the Wrongful Death Act.
We have concluded that no cause of action exists under Florida's Wrongful Death Act because of traditional causation principles, which require proof under the but-for test. Okman's alleged negligence in failing to diagnose the lung cancer was not a cause-in-fact of the death. Mrs. Tappan could not prove that with proper diagnosis and treatment it was "more likely than not" that Robert Tappan would have survived. See, e.g., Gooding v. University Hospital Building, Inc., 445 So.2d 1015 (Fla. 1984). The Court in Gooding at 1020 said:
We believe the better course would be to retain the more likely than not standard of causation in medical malpractice actions, as stated by the Supreme Court of Ohio as follows:
In an action for wrongful death, where medical malpractice is alleged as the proximate cause of death, and plaintiff's evidence indicates that a failure to diagnose the injury prevented the patient from an opportunity to be operated on, which failure eliminated any chance of the patient's survival, the issue of proximate cause can be submitted to a jury only if there is sufficient evidence showing that with proper diagnosis, treatment and surgery the patient probably would have survived.

Cooper v. Sisters of Charity of Cincinnati, Inc., 27 Ohio St.2d 242, 253-54, 272 N.E.2d 97, 104 (1971).
Nevertheless, appellant is not without a remedy. The facts alleged support a cause of action under the survival statute. In a strikingly similar case, the First District Court of Appeal reached the same conclusion. See Williams v. Bay Hospital, Inc., 471 So.2d 626 (Fla. 1st DCA 1985). In that case, Mrs. Williams also died of lung cancer which, according to experts, had a proper diagnosis been made, "would within reasonable probability have extended her life several months." The First District held:
[W]e are inclined to think it is fundamental that the wrongful death statute is not applicable except in wrongful death actions, i.e., where it is claimed that the death of a person was "caused by the wrongful act, negligence, [or] default..." of another. 5768.19, Florida Statutes (1983).
Id. at 629.
We agree with our sister court that Gooding precludes a wrongful death action sub judice. We further agree, as in Williams, that appellant is entitled to maintain this cause for recovery of such damages as are recoverable in a survivor's action. On remand, appellant should be given an opportunity to file a third amended complaint to state a cause of action under the survival statute.
The remaining point on appeal concerns the propriety of awarding legal fees to appellee, a chiropractor, as the prevailing party in a medical malpractice action pursuant to Section 768.56(1), Florida Statutes (1983). Albeit, we affirm the summary judgment entered by the trial court regarding the wrongful death action, our remand to permit appellant to pursue a claim under the survival statute renders this issue moot, as who is ultimately the prevailing party remains to be seen. For the benefit of the trial court and the parties concerning future disposition of this case, we choose to address the issue of legal fees in malpractice cases against chiropractors. Section 768.56(1), Florida Statutes, provides *632 for legal fees which involve malpractice "by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; ..." There is no mention of chiropractors. It is not our province to rewrite legislation. We assume the legislature would have included chiropractors within the ambit of the legislation if such was its intention. Ergo, we conclude that legal fees based upon Section 768.56(1) are not recoverable in this action.
We affirm the summary judgment and the dismissal of appellee's employer insofar as these orders preclude a wrongful death action. We reverse the award of legal fees. We remand with directions to permit appellant to amend her pleadings to state a cause of action against appellees under the survival statute.
Affirmed in part, reversed in part, and remanded with directions.
DOWNEY and DELL, JJ., concur.