PER CURIAM
Ruth Mickels applied to be appointed as personal representative of the estate of her late husband, Joseph Mickels, Sr., in light of this Court's decision in Mickels v. Danrad , 486 S.W.3d 327 (Mo. banc 2016) (" Mickles I "). The probate division denied her application as untimely under section 473.020,[1] which requires all applications be filed within one year of the decedent's death. Ms. Mickels seeks relief in this Court, arguing Mickels I announced a new cause of action previously unavailable in Missouri. She contends this Court should use its equitable powers to create a narrowly tailored exception allowing her an out-of-time appointment. Because this Court is obligated to follow the clearly articulated statute of limitations, it cannot exercise any equitable powers to provide relief here. Ms. Mickels's application for appointment as personal representative was time-barred by section 473.020. The probate division's judgment is affirmed.
Background
This case has a lengthy procedural history. This is the second time it is before this Court; the first was an appeal of summary judgment in a wrongful death suit brought by Mr. Mickels's family against the decedent's doctor, Dr. Danrad. Mickels I , 486 S.W.3d at 328.[2] The trial court entered summary judgment in favor of Dr. Danrad, who had reviewed Mr. Mickels's test results and had allegedly made an initial misdiagnosis. Id. Because Mr. Mickels's brain tumor was incurable and his death certain, regardless of the actions of Dr. Danrad, the plaintiffs could not prove facts establishing the alleged negligence had caused his death. Id. In reviewing the trial court's judgment, this Court stated, although Dr. Danrad's negligence did not cause Mickels's death, "it surely injured him by depriving him of the opportunity to delay his death for up to six months." Id. at 329. Id. The Court vacated the judgment and remanded the case upon finding the claims in the petition stated a negligence action "that would have been actionable under section 537.020[3] if brought by *313 Mr. Mickels's personal representative." Id. at 329.
After remand, Ms. Mickels opened a probate matter and applied to be appointed personal representative of Mr. Mickels's estate. By the time the application was filed, he had been deceased for seven years. The probate division denied Ms. Mickels's application as untimely and barred by section 473.020, which provides that all petitions for personal representative "must be filed within one year after the date of death of the decedent." Section 473.020.2. This appeal follows.[4]
Standard of Review
The probate division's decision to dismiss Ms. Mickels's application for appointment as personal representative as untimely is analogous to the dismissal of a claim as barred by a statute of limitations. This is a question of law this Court reviews de novo. Bateman v. Platte Cnty. , 363 S.W.3d 39, 42 (Mo. banc 2012).
Analysis
Ms. Mickels argues equity requires she be appointed personal representative of Mr. Mickels's estate. It is Ms. Mickels's position that this Court announced in Mickels I a new cause of action for the "deprivation of the opportunity to delay death" that had not been available at the time of the original wrongful death suit. She argues it would be a "perversion of justice" to deny her the ability to move forward with the claim, and so this Court should direct the probate division to exercise its "complete and unrestricted equitable powers in probate matters" and grant her application for appointment.
This Court does not agree Mickels I announced a new cause of action. Though the claim had never before been classified as the 'deprivation of the opportunity to delay death,' a survivor's ability to bring negligence actions-including claims for the deprivation of the opportunity to delay death-has long been recognized under Missouri law. The original survivorship law, created in 1907, tracks-almost verbatim-the language found in today's section 537.020:
Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred.
1907 Mo. Laws 252. Although the dissent characterizes Mickels I as an announcement of a cognizable cause of action and no reported Missouri case had yet outlined the scope of this claim, this negligence claim has been available in the survivorship context since 1907. Mickels I simply articulated how this missed opportunity is indeed an actionable personal injury available to survivors under this century-old statutory language. See *314 Mickels I , 486 S.W.3d at 329-30. It did not announce a new cause of action.
In arguing Mickels I broke new legal ground, Ms. Mickels directs this Court to a court of appeals decision- Morton v. Mutchnick , 904 S.W.2d 14, 17 (Mo. App. 1995) -in which this sort of claim was explicitly rejected. In Morton , parents of a decedent brought a negligence action against their son's doctors for failing to diagnose and treat their son for AIDS. Id. at 15. Their petition alleged, but for the negligence of the defendants, their son would have lived longer. Id. In affirming the dismissal of the plaintiffs' petition, the court of appeals stated: "It appears that plaintiffs are arguing they should be allowed to recover damages for [the decedent's] lost chance to have his life extended by an unknown period of time until his ultimate death.... Unfortunately, Missouri does not recognize such a cause of action." Id. at 17. This Court denied transfer.[5] But as this Court set out in Mickels I , a claim for an injury of this type is available under section 537.020, which sets out the cause of action. To the extent Morton held Missouri law does not recognize a personal injury action to recover damages for a decedent's lost chance to have his life extended, it is overruled.
Ms. Mickels nevertheless insists equity requires the allowance of an out-of-time appointment. But this Court, in applying statutes of limitations, has frequently and consistently rejected such policy arguments-however compelling-under the principle of legislative deference. Laughlin v. Forgrave , 432 S.W.2d 308, 314 (Mo. banc 1968), superseded by statute , section 516.105 (RSMo Supp. 1976), as stated in Ambers-Phillips v. SSM DePaul Health Ctr. , 459 S.W.3d 901 (Mo. banc 2015) (enforcing statute of limitations in medical negligence action even though plaintiff could not have discovered the negligence before limitations period expired); Weiss v. Rojanasathit , 975 S.W.2d 113, 121 (Mo. banc 1998) (rejecting discovery exception to statute of limitations because legislature had limited it to the later discovery of foreign objects in the body and did not intend to include later discovery of medical negligence). Equity should not be used as a basis for relief when doing so would clearly contravene the intent and language of the legislature, "particularly in regard to a statutorily created cause of action."[6] Boland v. Saint Luke's Health Sys., Inc. , 471 S.W.3d 703, 712 (Mo. banc 2015). Equity courts are bound by the statutory provisions they are tasked with interpreting. Milgram v. Jiffy Equip. Co. , 362 Mo. 1194, 247 S.W.2d 668, 676-77 (Mo. 1952). It is this Court's duty to interpret the law, not rewrite it. Boland , 471 S.W.3d at 712.
Section 473.020 is clear: applications for the appointment of a personal representative must be filed within one *315 year after the death of the decedent. The legislature has not created an exception to this rule that applies here.[7] This Court cannot disregard the firm limitation on when personal representatives may be appointed in favor of a judicially created equitable exception, no matter how compelling the argument or how narrowly tailored the exception. To do so would be to ignore the clear directive of the legislature and usurp its lawmaking authority. See Johnson , 9 S.W.3d at 610, n.3 (concluding that legislative amendment, rather than "judicial fiat," is the appropriate way to increase a statute of limitations period). It is this Court's duty to enforce the laws as written, and it does so here.
Conclusion
The probate division's denial of Ms. Mickels's application to be appointed personal representative is affirmed.
Fischer, C.J., Wilson, Russell, Powell, Breckenridge, and Stith, JJ., concur.
Draper, J., dissents in separate opinion filed.
DISSENTING OPINION
George W. Draper III, Judge
I dissent from the principal opinion. Section 472.030, RSMo 2000, provides, "The probate division of the circuit court has the same legal and equitable powers to effectuate and to enforce its orders, judgments and decrees in probate matters as circuit judges have in other matters...." Likewise, in construing section 472.030, this Court held the probate division has "complete and unrestricted equitable powers in 'probate matters.' " In re Myers' Estate , 376 S.W.2d 219, 224 (Mo. banc 1964) (emphasis added).
I remain dismayed by this Court's inability to conceive of a scenario in which the circuit court could exercise its equitable power to afford an aggrieved party relief from the rigid enforcement of the statute of limitations, especially in light of this Court's announcement in Mickels I that Ms. Mickels had a cognizable cause of action. Mickels v. Danrad , 486 S.W.3d 327, 329 (Mo. banc 2016). Hence, consistent with this Court's holding in State ex rel. Beisly v. Perigo , 469 S.W.3d 434 (Mo. banc 2015), finding the wrongful death statute of limitations was tolled based upon equitable estoppel, and my dissenting opinion in Boland v. Saint Luke's Health System , Inc., 471 S.W.3d 703 (Mo. banc 2015), advocating the same application of equitable estoppel to almost identical facts as Beisly , I respectfully dissent.

All statutory citations are to RSMo 2016 unless otherwise noted.

For further recitation of the facts in the underlying case, see the prior opinion of the Court.

Section 537.020 provides: "Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred."

This Court has jurisdiction pursuant to Mo. Const. art. V, sec. 10.

This Court's decision to not exercise discretionary review of Morton "implies nothing about the merits of the lower court's decision." Hagan v. Caspari , 50 F.3d 542, 545 (8th Cir. 1995) ; see Tatum v. St. Louis Metro Delivery, Inc. , 887 S.W.2d 679, 683 (Mo. App. 1994). The denial of transfer more than 20 years ago was not an endorsement of the opinion and does not affect this Court's decision today.

The dissent encourages the use of equitable estoppel here to provide Ms. Mickels relief, citing State ex rel. Beisly v. Perigo , 469 S.W.3d 434 (Mo. banc 2015). Equitable estoppel is not applicable here. In Beisly , the Court invoked equitable estoppel to prevent a party who had fraudulently concealed his wrongdoing from escaping liability because the statute of limitations had run. Id. at 444. As Beisly explained, "The purpose of the doctrine of equitable estoppel is to prevent a party from taking inequitable advantage of a situation he or she has caused." Id. at 441 (internal citation omitted). Here, there was no wrongdoing that warrants invocation of equitable estoppel to circumvent the statute of limitations.

The only exception to this statute of limitations applies to claims of "los[t] chance of recovery or survival." Johnson v. Akers , 9 S.W.3d 608, 610 (Mo. banc 2000). It is well-established that Mr. Mickels would not have had a claim for lost chance of survival. Mickels I , 486 S.W.3d at 329, n.3.